77

United States District Court
Southern District of Texas
FILED

FEB 1 5 2001

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

PEDRO COVARRUBIAS, JR.              *
                                    *
VS.                                 *
                                    *
CITY OF BROWNSVILLE, AND RAYMUNDO   *     CIVIL ACTION NO. B-96-195
SALINAS, JR., CITY OF BROWNSVILLE   *
POLICE OFFICER, INDIVIDUALLY, AND   *
AND IN HIS OFFICIAL CAPACITY        *

---

## JOINT PRE-TRIAL ORDER

---

### 1. APPEARANCE OF COUNSEL

1.  **Plaintiff:**      **PEDRO COVARRUBIAS, JR.**

    Plaintiff's counsel:

    Hon. Victor Quintanilla
    State Bar No. 00786181
    Federal Id. No. 16073

    Hon. Ernesto Gamez, Jr.
    State Bar No. 07606600
    Southern District of Texas No. 8645
    **LAW OFFICES OF**
    **ERNESTO GAMEZ, JR., P.C.**
    777 E. Harrison Street
    Brownsville, Texas 78520
    Telephone No.: (956) 541-3820
    Facsimile No.: (956) 541-7694

2.  **Defendant:**      **THE CITY OF BROWNSVILLE**

    Defendant's counsel:

    Hon. Mark Ralls
    State Bar No. 16489200
    Southern District of Texas No. 24392
    **CHAVES, GONZALES & HOBLIT, L.L.P.**
    One Riverwalk Place
    700 N. St. Mary's Street, Suite 1800
    San Antonio, Texas 78205
    Telephone No.: (210) 224-9991
    Facsimile No.: (210) 226-1544

3.    Defendant:        **RAYMUNDO SALINAS, JR.**

    Defendant's counsel:        Hon. Michael R. Ross
                           State Bar No. 11035800
                           Southern District of Texas No. 0898
                           **HIRSCH ROBINSON, P.C.**
                           1001 McKinney Street, Suite 2000
                           Houston, Texas  77002
                           Telephone No.:  (713) 609-7900
                           Facsimile No.:  (713) 658-0903

## 2.  STATEMENT OF THE CASE

### A.    PLAINTIFF'S STATEMENT OF THE CASE:

On or about October 17, 1992, **PEDRO COVARRUBIAS, JR.** and (2) other individuals were driving around Brownsville, Texas in a motor vehicle. A disagreement ensued amongst them.  **MR. COVARRUBIAS** exited the vehicle in an effort to escape the escalation of said disagreement.  **MR. COVARRUBIAS** ran to a local store and asked the owners of said store to call the Brownsville Police Department.   Brownsville police officers **REYNALDO YBARRA** and **RAYMUNDO SALINAS, JR.** were dispatched to the scene.   After he arrived at the scene, Defendant **SALINAS** restrained and hand-cuffed **MR. COVARRUBIAS.**  Thereafter, Defendant **SALINAS** placed **MR. COVARRUBIAS** in the back seat of his Brownsville Police Unit.  At that point, **MR. COVARRUBIAS** began squirming around the police unit in an attempt to take multiple fire ants off his body.  These fire ants being on his body resulted in **MR. COVARRUBIAS** receiving an enormous amount of stings to his back, legs, chest, and his entire body.

While waiting to be taken to the police station, **MR. COVARRUBIAS** contends that he continuously plead with Defendant **SALINAS** to get the fire ants off him. **MR. COVARRUBIAS** was hand-cuffed and was unable to get the ants off.  However, Defendant **SALINAS** refused to do so and instead jammed **MR. COVARRUBIAS** from the back seat onto the floorboard of the police unit.  **MR. COVARRUBIAS** contends that this action on the part of Defendant **SALINAS** was contrary to the policies and

2

procedures of the Brownsville Police Department. **MR. COVARRUBIAS** further contends that Defendant **SALINAS'** actions and/or inactions were due to his lack of training or inadequate training. **MR. COVARRUBIAS** further contends that the police unit's floorboard, at all times, was smoldering hot. As a result, **MR. COVARRUBIAS** contends that he suffered severe burns to his right thigh. Furthermore, as a direct and proximate result of Defendants' actions and/or inactions, Plaintiff sustained bodily injuries, including, but not limited to severe burns to his right thigh, mental anguish, and physical disfigurement.

**MR. COVARRUBIAS** contends that the injuries and damages which he sustained on or about October 17, 1992 were a direct and proximate result of the negligence of Defendants **CITY OF BROWNSVILLE** and **RAYMUNDO SALINAS, JR..** **MR. COVARRUBIAS** further contends that Defendant **SALINAS** was in the course and scope of his employment with **THE CITY OF BROWNSVILLE** on or about October 17, 1992.

B.    **DEFENDANTS' STATEMENT OF THE CASE:**

On or about October 17, 1992, patrol officers for the **CITY OF BROWNSVILLE** Police Department were dispatched to a fight in progress located at approximately the 2800 block of E. Price Rd., Brownsville, Cameron County, Texas. **RAYMUNDO SALINAS** ("SALINAS") was one of the officers who responded to the call. He was assisted by Officer **REYNALDO YBARRA, JR..**

Salinas observed that Pedro Covarrubias ("Covarrubias") was highly intoxicated, and Salinas, acting in good faith, placed Covarrubias under arrest for Public Intoxication at 11:55 p.m. After handcuffing Covarrubias (with his hands behind his back), Salinas placed Covarrubias in the back seat of his police unit.

3

Salinas then began to interview Michael Walker, Covarrubias' brother-in-law. Walker indicated during this interview, that Covarrubias had started a fight with Walker. During this interview, Covarrubias, who had laid down on his back in the rear seat of the unit, began repeatedly striking and kicking the right door and the window of the unit. Salinas returned to his unit, sat Covarrubias up straight and returned to his interview of Michael Walker. Once again, Covarrubias laid on his back and began striking and kicking the right door and the window of the unit with his bare feet. Once again Salinas returned to his unit, sat Covarrubias up straight and returned to his interview of Michael Walker. For a third time, Covarrubias laid on his back and began striking and kicking the right side door and the window of the unit. This time, Salinas, acting in good faith, put Covarrubias on the floorboard of the unit between the backseat of the unit and the cage. Covarrubias was on his right side, with his head behind the driver's seat. Covarrubias was restrained in this manner for his own safety and the safety of others.

At this time Salinas started the engine of the unit and drove to the Brownsville jail, where Covarrubias was taken into custody by the personnel at the jail at 00:20 a.m. on October 18, 1992. When Covarrubias arrived at the jail he indicated his right leg was burned. Subsequently, Covarrubias was transported to the emergency room of the Brownsville Medical Center where his initial history was taken at 1:27 a.m. on October 18, 1992. It was noted that Mr. Covarrubias had first and second degree burns to the right anterior upper thigh. According to the medical history given in the emergency room, Covarrubias stated that he had received the burn while hiding under another vehicle.

Covarrubias plead guilty to the charges of Public Intoxication and was released on bond for two related charges of Resisting Transportation and Criminal Mischief "B".

4

Defendants affirmatively allege that Defendants at no time used excessive force against the Plaintiff, and at all times relevant to the incident acted in good faith as that term is defined under applicable state and federal law. The Defendants further state the training provided Salinas in the arrest and transporting of arrested persons was reasonable, and did not reflect a deliberate indifference to the constitutional rights of the citizens of Brownsville. The Defendants also deny that they were negligent in any way in the transportation of the Plaintiff, and that conversely if there was any negligence which resulted in the Plaintiff's injuries, if any, it was the Plaintiffs.

### 3. JURISDICTION

This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(3), 1343(4) and 2201 in light of the Plaintiff's assertion of a cause of action under 42 U.S.C. § 1983. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for alleged violations of the 4th, 5th, 8th, and 14th Amendments to the United States Constitution and by virtue of the District Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

### 4. MOTIONS

**A.   PLAINTIFF'S MOTIONS:**

There are no outstanding or pending motions filed by Plaintiff at this time. However, Plaintiff intends to file a Motion in Limine prior to jury selection. Plaintiff may also require authentication of exhibits offered by Defendants. Plaintiff may also file objections to the exhibits offered by Defendants. No such determination has been made at this time since Defendants have neither furnished their Exhibit List nor produced their trial exhibits to Plaintiff's counsel.

5

B.    **DEFENDANTS' MOTIONS:**

Defendants anticipate filing a **Daubert** Motion challenging Plaintiff's experts.

Defendants also anticipate filing Motions in Limine, a Motion to Bifurcate, and

a Designation of Lead Counsel for Mr. Michael R. Ross to appear as Attorney-

in-Charge for Defendant **RAYMUNDO SALINAS, JR.**.

## 5. CONTENTIONS OF THE PARTIES

A.    **PLAINTIFF'S CLAIMS:**

(1)    On or about **October 17, 1992**, the **Brownsville Police Department** answered a call for disturbance at the 2800 Block of E. Price Rd., Brownsville, Cameron County, Texas;

(2)    Defendant **RAYMUNDO SALINAS, JR.**, a police officer employed by the **CITY OF BROWNSVILLE**, answered the call on or about **October 17, 1992.**

(3)    **RAYMUNDO SALINAS, JR.** illegally restrained, abused, and violated Plaintiff's civil rights by prying him between the front seat and the back seat on the hump of the police unit floor board with his handcuff behind his back which was smoldering hot with multiple ants biting him causing serious bodily injury and burns to Plaintiff;

(4)    **RAYMUNDO SALINAS, JR.** was an employee of the **CITY OF BROWNSVILLE,** namely the **City of Brownsville Police Department** on **October 17, 1992;**

(5)    The **CITY OF BROWNSVILLE** is responsible for **RAYMUNDO SALINAS, JR.'S** acts through the Doctrine of Respondent Superior;

(6)    Plaintiff **PEDRO COVARRUBIAS, JR.** had multiple fire ants on his body;

(7)    **RAYMUNDO SALINAS, JR.** placed Plaintiff into the Brownsville Police Unit knowing that Plaintiff had numerous fire ants on his body;

(8)    **PEDRO COVARRUBIAS, JR.** received an enormous amount of stings to his back, legs, chest, and his entire body from the fire ants;

(9)    **PEDRO COVARRUBIAS, JR.** continuously pleaded with **RAYMUNDO SALINAS, JR.** to remove the fire ants from his body;

(10)    **RAYMUNDO SALINAS, JR.** refused to remove the fire ants from Plaintiff's body;

(11)    **RAYMUNDO SALINAS, JR.** instead of assisting Plaintiff remove the fire ants from his body pushed him from the back seat onto the floor board of the police unit which was at all times smoldering;

6

(12)   **PEDRO COVARRUBIAS, JR.** received severe burns to his right thigh from the smoldering floor board of the police unit;

(13)   **PEDRO COVARRUBIAS, JR.** was taken to the police station and charged;

(14)   Plaintiff was initially treated by Brownsville Medical Center for first and second degree burns to his right leg;

(15)   Plaintiff was examined by **DR. KHALID R. SOLEJA** who recommends plastic surgery to improve the scaring to Plaintiff's leg by ten to twenty-five percent improvement on appearance;

(16)   Plaintiff's injuries were proximately caused by the wrongful act or omission of the negligence of the **CITY OF BROWNSVILLE** and the **CITY OF BROWNSVILLE POLICE DEPARTMENT**'s employee, **RAYMUNDO SALINAS, JR.**, acting within the scope of employment during the operation or use of a motor-driven (police vehicle);

(17)   Defendants used excessive, unnecessary, and unlawful force which deprived Plaintiff of his rights, privileges and immunity guaranteed by the Constitution of the United States of America and the State of Texas which proximately caused Plaintiff's personal injuries.

(18)   On March 9, 1993, Plaintiff served notice on Defendants of his claims against the City of Brownsville pursuant to Section 101.101 of the Texas Tort Claims Act, Texas Civil Practice & Remedies Code.

(19)   At all times relevant, Defendant **RAYMUNDO SALINAS, JR.** was acting within the course and scope of his employment or official duties with the City of Brownsville and/or the Brownsville Police Department.

(20)   Defendant **CITY OF BROWNSVILLE** was negligent as follows:

   a.   In negligently failing to provide a safe unit for Plaintiff to transport Plaintiff to jail following his arrest;

   b.   In negligently failing to safely transport Plaintiff to jail;

   c.   In negligently failing to inspect their vehicles, in order to safely transport arrestees, including, but not limited to Plaintiff;

   d.   In negligently failing to provide medical assistance for Plaintiff;

   e.   In negligently allowing **RAYMUNDO SALINAS, JR.** to abuse Plaintiff;

   f.   In negligently failing to discipline **RAYMUNDO SALINAS, JR.** who abused Plaintiff, when inappropriate police conduct by this officer had already been known from past incidents;

7

g.  In negligently failing to properly and adequately train **RAYMUNDO SALINAS, JR.** in how to safely transport and provide assistance to an arrestee;

h.  In negligently failing to enforce the laws in effect in the City of Brownsville and by failing to promulgate, issue and enforce appropriate procedures and regulations concerning the proper handling of alleged wrongdoers;

i.  In negligently implementing formulated policies;

j.  In negligently failing to follow appropriate policy and procedure concerning the handling of Plaintiff;

k.  By its inactivity and not reviewing complaints, this encouraged police officers to use excessive force when handling alleged wrongdoers as per Brownsville Police Department Rules;

l.  In negligently failing to discipline police officers for inappropriate conduct;

m.  In failing to train its police officers, including, but not limited to **RAYMUNDO SALINAS, JR.** on how to safely handle alleged wrongdoers and/or detainees;

n.  In negligently failing to properly train the police officers on how to safely handle alleged wrongdoers;

o.  In failing to train its police officers, including, but not limited to **RAYMUNDO SALINAS, JR.**, on how to refrain from abusing alleged wrongdoers and/or detainees;

p.  In negligently failing to hire a police chief who would enforce the laws in effect on the handling of alleged wrongdoers and not encourage excessive use of force when handling alleged wrongdoers;

q.  In negligently hiring police officers who exhibit anger and abuse toward their arrestees, including, but not limited to Plaintiff; and

r.  In failing to train its police officers, including, but not limited to **RAYMUNDO SALINAS, JR.** on how to refrain from exhibiting anger toward alleged wrongdoers and/or detainees.

(21)  Defendant **RAYMUNDO SALINAS, JR.** was negligent as follows:

a.  In negligently exposing Plaintiff while in his custody to detrimental and irreparable harm and danger to his person and body.

8

b.  In negligently placing Plaintiff into the police unit while he was being stung by ants and later pushing him onto the smoldering floor board.

c.  In negligently failing to follow appropriate policy and procedure concerning the handling of Plaintiff.

d.  In negligently failing to provide medical assistance to Plaintiff.

e.  In negligently failing to safely transport Plaintiff to jail.

f.  In negligently placing Plaintiff in the smoldering floor board.

g.  In negligently implementing formulated policies.

h.  In negligently failing to follow appropriate policy and procedure concerning the handling of Plaintiff.

(22)  Plaintiff suffered grievous bodily injuries and extreme pain as a direct and proximate result of Defendants' conduct and/or inactions.

(23)  Plaintiff suffered mental anguish (past and future), loss of self-esteem, and/or other damages as a direct and proximate result of Defendants' conduct and/or inactions.

(24)  Plaintiff contends that Defendant **RAYMUNDO SALINAS, JR.** had either no training or inadequate training in carrying his duties as a Brownsville police officer.

(25)  Plaintiff contends that he incurred medical expenses for the necessary and reasonable medical treatment for the injuries resulting from the October 17, 1992 incident.

(26)  Plaintiff contends that the medical expenses he incurred were reasonable and necessary and that they were the customary charges made for services in Cameron County, Texas and/or in the State of Texas.

(27)  Plaintiff contends that he sustained scars to his right thigh which are permanent in nature.

(28)  Plaintiff contends that he sustained permanent disfigurement as a direct and proximate result of his injuries resulting from the October 17, 1992 incident.

(29)  Plaintiff was taken to Brownsville Medical Center on October 18, 1992 at approximately 1:27 o'clock a.m..

(30)  The diagnosis of Plaintiff's injuries at Brownsville Medical Center on October 18, 1992 was first (1st) and second (2nd) degree burns to his right thigh.

9

(31) Plaintiff was examined by Dara Batki, M.D. (Emergency Room Physician) at Brownsville Medical Center on October 18, 1992.

(32) Plaintiff incurred approximately $267.40 in hospital care expenses from his visit to Brownsville Medical Center on October 18, 1992.

(33) Plaintiff was examined by the Brownsville Emergency Medical Services on October 18, 1992 at the Brownsville city jail.

(34) Brownsville Emergency Medical Services personnel's physical findings of their examination of Plaintiff were first (1st) and second (2nd) degree burns to his right leg.

(35) Plaintiff consulted Khalid R. Soleja, M.D. on November 23, 1992 in regard to his right thigh injuries.

(36) Plaintiff also consulted Khalid R. Soleja, M.D. on February 2, 1995 in regard to his right thigh injuries.

(37) Plaintiff incurred approximately $123.00 in medical expenses from his two (2) visits to Dr. Khalid R. Soleja in regard to his right thigh injuries.

(38) The total cost for plastic surgery on Plaintiff's right thigh is approximately $10,000.00 (as of February 8, 1995).

## B.   DEFENDANTS' CLAIMS:

(1) That the burn Covarrubias sustained was caused through sources other than the floorboard of the Police unit.

(2) That Covarrubias did not sustain a burn to his right leg while he was in the custody of Salinas.

(3) That Salinas properly restrained and transported Covarrubias.

(4) That Covarrubias was allowed prompt and proper medical treatment.

(5) That Covarrubias failed to mitigate his damages, thereby incurring losses and damages that were caused by his acts or failures to act, and not by any act or omission on the part of the Defendants.

(6) That at all times material hereto Salinas was in good faith performing official discretionary duties as a police officer.

(7) That at all times material hereto Salinas acted objectively reasonably.

(8) That Covarrubias brought about and caused the incident and his own injury and he was solely responsible or more than fifty percent responsible for the incident and his injury.

10

(9)     That the state and federal claims or causes of action against Victor
        Rodriguez are, by law, actually claims against the City of Brownsville
        and Victor Rodriguez is entitled to Sovereign Immunity as to all state
        law causes of action.

(10)    That the Defendants are immune from liability and suit under the state
        Official Immunity Doctrine and under the federal Qualified Immunity
        Doctrine as to all state and federal claims and causes of action.

(11)    That the Doctrine of Respondeat Superior and/or Vicarious Liability
        does not apply in this case under any cause of action as to City of
        Brownsville and Victor Rodriguez.

(12)    That none of the Defendants violated any of Plaintiff's rights under the
        Fourth, Sixth or Fourteenth Amendments to the United States
        Constitution, or under the Constitution or common law of the State of
        Texas.

(13)    That under the Sovereign Immunity Doctrine, the City of Brownsville
        is not liable for the failure to provide or the method of providing police
        protection, or for the intentional torts of its employees.

(14)    That none of the Defendants are liable for any exemplary damages in
        this case and that this is true as a matter of law as to the City of
        Brownsville and Victor Rodriguez.

(15)    That the state claims and causes of action of Covarrubias are barred,
        generally under Title 5 of the Texas Civil Practice and Remedies Code,
        and specifically by Sections 101.056 and 101.062 of such Code.

(16)    That if the City of Brownsville and Victor Rodriguez were found
        negligent and liable to Covarrubias, such liability is limited under Title
        5 of the Texas Civil Practice & Remedies Code, generally, and
        specifically under Section 101.023 of such Code.

(17)    That the City of Brownsville was not negligent in any way in connection
        with the use or operation of a motor driven vehicle or its tangible
        personal property.

(18)    That the City of Brownsville has policies on transporting arrestees, on
        training officers on the use of force, on inspecting its police vehicles,
        on disciplining its officers, and on hiring its officers, and the City of
        Brownsville is not deliberately indifferent to the constitutional rights
        of the citizens with which its officers come into contact.

(19)    City of Brownsville contends its training of officers in the
        transportation of arrestees is adequate and does not constitute
        deliberate indifference to the constitutional rights of citizens the
        officers come into contact with.  Defendant, City of Brownsville denies
        its police force had an institutionalized practice of abusing and/or
        mistreating inmates and/or detainees, and that the City of Brownsville
        failed to properly train its police officers and or police personnel

11

regarding the use of authority or the proper and prudent use of force. Defendant City of Brownsville denies it was deliberately indifferent to the medical needs of the Plaintiff.

## 6. ADMISSIONS OF FACT

A.   PLAINTIFF'S ADMISSIONS OF FACT:

(1)   Plaintiff admits that on the evening of October 17, 1992, he was driving around Brownsville, Texas in a motor vehicle along with Michael Terry Walker, Ezequiel Roque, and Adan Covarrubias.

(2)   Plaintiff admits that Michael Terry Walker is his brother-in-law.

(3)   Plaintiff admits that he and Michael Terry Walker had a verbal disagreement on the evening of October 17, 1992.

(4)   Plaintiff admits that he exited the motor vehicle in which he was a passenger on the evening of October 17, 1992.

(5)   Plaintiff admits that on the evening of October 17, 1992, he was wearing shorts.

(6)   Plaintiff admits that on the evening of October 17, 1992, Defendant **RAYMUNDO SALINAS, JR.** placed him under arrest.

(7)   Plaintiff admits that Defendant **RAYMUNDO SALINAS, JR.** drove him to the Brownsville city jail on the early morning hours of October 18, 1992.

(8)   Plaintiff admits that Defendant **RAYMUNDO SALINAS, JR.** hand-cuffed him on the evening of October 17, 1992.

(9)   Plaintiff admits that he was placed inside Brownsville police unit (Delta 14) after he was arrested and hand-cuffed by Defendant **RAYMUNDO SALINAS, JR.** on the evening of October 17, 1992.

(10)   Plaintiff admits that he was taken to the emergency room of Brownsville Medical Center by a Brownsville Police Officer on the early morning hours of October 18, 1992.

B.   DEFENDANTS' ADMISSIONS OF FACT

(1)   That at all times relevant hereto the defendant Raymundo Salinas, Jr., was acting within the course and scope of his employment, and within his discretionary authority as a City of Brownsville Police Officer.

(2)   That the Plaintiff had drank at least twelve beers between four or five p.m., and the time of the incident.

(3)   That Officer Salinas initially placed the Plaintiff in the police vehicle in a sitting position in the back seat of the vehicle.

(4)     That Plaintiff was taken to the jail and charged with Public Intoxication, Resisting Transportation and Criminal Mischief **"B"**;

(5)     That the burn healed four months after the incident, and Plaintiff was without significant pain after that time.  That he was always able to walk and drive with the burn, and after four months he could do everything he could do before the incident.

(6)     That the Plaintiff does not believe Officer Salinas knew there was a problem, if any, with the floorboard, at the time he (Officer Salinas) put him on the floorboard.

(7)     That the Plaintiff has no idea how long he was in the Police vehicle.

(8)     That the Plaintiff lost no wages as a result of the incident.

(9)     That the Plaintiff does not think Officer Salinas intended him (Covarrubias) to get burned.

(10)    That the Plaintiff did not tell Officer Salinas he (Covarrubias) needed medical attention.  That the Plaintiff did not know the burn was serious while he was being transported, because it did not really start burning until he (Covarrubias) got to the jail.

(11)    That as of the time the Plaintiff spoke to the EMS personnel the burn had not blistered – it was a red patch.

(12)    That the Plaintiff retained counsel two days after the incident.

(13)    That **RAYMUNDO SALINAS, JR.** was an employee of the **CITY OF BROWNSVILLE,** namely the City of Brownsville Police Department at the time of the incident;

(14)    That **VICTOR RODRIGUEZ** was an employee of the **CITY OF BROWNSVILLE,** named the City of Brownsville Police Department, as the Chief of Police for the City of Brownsville Police Department at the time of the alleged incident;

(15)    It is admitted that on or about **October 17, 1992,** the Brownsville Police Department answered a call for a fight in progress at the 2800 Block of E. Price Road, Brownsville, Cameron County, Texas;

(16)    That **RAYMUNDO SALINAS, JR.** handcuffed Plaintiff;
        That **SALINAS** arrested **COVARRUBIAS** for Public Intoxication.

(17)    That Plaintiff was initially treated by Brownsville Medical Center for first and second degree burns to his right leg;

(18)    That **COVARRUBIAS** laid on his back and kicked the right door and window of the unit with his bare feet three separate times.

13

(19)   That Officer **SALINAS** came to the Patrol vehicle and sat **COVARRUBIAS** up straight twice before he placed Plaintiff on the floorboard;

(20)   That **COVARRUBIAS** was arrested at 11:55 p.m. on **October 17, 1992;**

(21)   That **COVARRUBIAS** was taken into custody at the jail at 00:20 a.m. on **October 18, 1992.**

(22)   That the Plaintiff has not had reconstructive surgery on his scar.

## 7.  CONTESTED ISSUES OF FACT

(1)   Plaintiff disputes Defendants' contention that he failed to state a claim upon which relief may be granted under the Constitution and laws of the United States and the laws of the State of Texas.

(2)   Plaintiff disputes Defendants' contention that they are entitled to governmental immunity to his pendent state claims for relief.

(3)   Plaintiff disputes Defendants' contention that they are entitled to official immunity as preserved by the Texas Tort Claims Act and recognized by case law.

(4)   Plaintiff disputes Defendants' contention that his injuries and damages were the direct and proximate result of his own negligence which exceeded their negligence.

(5)   Plaintiff disputes Defendants' contention that his injuries and damages were the direct and proximate result of the acts or omissions of some third party over whom Defendants had no control.

(6)   Plaintiff disputes Defendants' contention that his injuries and damages were the direct and proximate result of an unavoidable accident.

(7)   Plaintiff disputes Defendants' contention that he has failed to mitigate his damages.

(8)   Plaintiff disputes Defendants' allegation and/or contention that this lawsuit is frivolous, vexatious, unreasonable and was brought and is being maintained in bad faith.

(9)   Plaintiff disputes Defendants' contention that they are entitled to an award of reasonable attorney's fees as authorized by 42 U.S.C.§1988.

(10)   Plaintiff disputes Defendants' contention and/or assertion that he was resisting arrest on the evening of October 17, 1992.

(11)   Plaintiff disputes Defendants' contention and/or assertion that he was unreasonably violent on the evening of October 17, 1992.

14

(12) Plaintiff disputes Defendants' contention and/or assertion that he intentionally caused damage to the police unit on the evening of October 17, 1992.

(13) Plaintiff disputes Defendants' contention and/or assertion that on the evening of October 17, 1992 he refused to be transported to the Brownsville city jail.

(14) Plaintiff disputes Defendants' contention and/or assertion that he became uncooperative and disorderly ont he evening of October 17, 1992.

(15) Plaintiff disputes Defendants' contention and/or assertion that Defendant **RAYMUNDO SALINAS** did not engage in any wrongdoing on the evening of October 17, 1992.

(16) Plaintiff disputes Defendants' contention and/or assertion that he was unable to fully narrate how he received the burns to his right leg.

(17) Plaintiff disputes Defendants' contention and/or assertion that he stated to anyone about being underneath a car thus sustaining the burns to his right leg.

(18) Plaintiff disputes Defendants' contention and/or assertion that he assaulted Michael Walker on the evening of October 17, 1992.

(19) Plaintiff disputes Defendants' contention and/or assertion that he refused to answer questions on the evening of October 17, 1992.

(20) Plaintiff disputes Defendants' contention and/or assertion that the vinyl flooring material in the police unit was not deteriorated from thermal exposure.

(21) Plaintiff disputes Defendants' contention and/or assertion that the measured temperature of the police unit's floor was not sufficiently high to cause a thermal burn.

(22) Plaintiff disputes Defendants' contention and/or assertion that he was highly intoxicated on the evening of October 17, 1992.

(23) Plaintiff disputes Defendants' contention and/or assertion that Defendant **RAYMUNDO SALINAS, JR.** acted in good faith within the course and scope of his authority on the evening of October 17, 1992.

(24) Plaintiff disputes Defendant **RAYMUNDO SALINAS, JR.'s** contention and/or assertion that he was adequately or sufficiently trained as a police officer.

(25) Plaintiff disputes Defendants' contention and/or assertion that the burn he sustained was caused through sources other than the floorboard of the Brownsville police unit.

(26) Plaintiff disputes Defendants' contention and/or assertion that the doctrine of respondeat superior and/or vicarious liability does not apply under any cause of action as to the City of Brownsville.

(27) Plaintiff disputes Defendants' contention and/or assertion that the City of Brownsville was not negligent in any way in connection with the use or operation of a motor vehicle or its tangible personal property.

(28) Plaintiff disputes Defendants' contention and/or assertion that he did not advise Defendant **RAYMUNDO SALINAS, JR.** of his burn to the right leg or thigh.

## B. DEFENDANTS' CONTESTED ISSUES OF FACT

(1) Whether the City of Brownsville Police Department has adequate training policies for the training of its officers in the transportation of its arrestees.

(2) Whether Salinas was acting in objective good faith at the time of the acts or omissions complained of.

(3) Whether the Plaintiff had fire ants on his person at the time he was placed in the vehicle by Officer Salinas.

(4) Whether the Plaintiff repeatedly kicked the interior of the vehicle in such a manner to potentially cause injury to himself or property damage to the police vehicle because he was belligerent or in an attempt to remove fire ants from his person.

(5) Whether Officer Salinas warned the Plaintiff to stop kicking the interior of the police vehicle, or he (Officer Salinas) would have to reposition the Plaintiff in the vehicle.

(6) Whether the burn on the Plaintiff's leg occurred as a result of the manner or method in which he was transported in the police vehicle or from hiding under a car.

(7) Whether the City of Brownsville had a policy, promulgated by a person with policy making authority, and officially adopted by the City, or which, although not officially adopted, was so common and well settled that it can reasonably be said to constitute a custom fairly representing municipal policy, of failing to train its officers in the proper method and manner of transporting their arrestees.

(8) Whether it should have been obvious to the City of Brownsville that the highly predictable consequence of the policy, if any, of failing to train its officers in the proper method and manner of transporting their arrestees was that the Fourth Amendment rights of the citizens of Brownsville were at risk.

16

(9)     Whether the policy of failing to train its officers in the transporting of their arrestees was the moving force of the injury, if any, to the Plaintiff.

(10)    Whether the City of Brownsville jailers were deliberately indifferent to the medical needs of the Plaintiff.

(11)    Whether the Plaintiff's injuries were serious.

(12)    Whether the Plaintiff's injuries were caused by the use of excessive force.

(13)    Whether the car floorboard in fact overheated.

(14)    Whether Officer Salinas knew, or should have known the car floorboard overheated.

(15)    Whether the City of Brownsville knew, or should have known the car floorboard was defective, if it was, and overheated, if it did.

(16)    Whether the Plaintiff's speech was slurred while he was in the custody of Officer Salinas.

## 8.  AGREED PROPOSITIONS OF LAW

(1)     **"Preponderance of the evidence"** means the greater weight and degree of credible testimony or evidence introduced before the jury and admitted in the case.  **[Texas Pattern Jury Charge 1.3]**

(2)     **"Negligence"** means failure to use ordinary care, that is failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.  **[Texas Pattern Jury Charge 2.1]**

(3)     **"Proximate cause"** means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event, and without which cause such event would not have occurred.  In order to be a proximate cause, the act or omission complained of must be such that a person using **ordinary care** would have foreseen that the event, or some similar event, might reasonably result therefrom.  There may be more than one proximate cause of an event.  **[Texas Pattern Jury Charge 2.4]** Rudes v. Gottschalk, 324 S.W.2d 201, 207 (Tex. 1959).

(4)     **"Ordinary care"** means that degree of care which would be used by a person of ordinary prudence under the same or similar circumstances.  **[Texas Pattern Jury Charge 2.1]**

17

(5)     The grounds for liability under the Texas Tort Claims Act are limited to three general areas:  (1) Claims arising out of the use of motor-driven vehicles and motor-driven equipment; (2) Claims arising from the condition or use of real property; and (3) Claims arising from the condition or use of personal property.  [See Texas Civil Practice & Remedies Code Ann., Section 101.021 (Vernon 1998); City of Denton v. Page, 701 S.W.2d 831, 834 (Tex. 1986).]

(6)     The Texas Tort Claims Act modifies the sovereign immunity of governmental entities by providing a limited waiver of immunity to suits against a "governmental unit".  [See Texas Civil Practice & Remedies Code Ann., Section 101.025 (Vernon 1998).]

(7)     Under the Texas Tort Claims Act, a "governmental unit" is any of the following:  (1) The State of Texas and all the agencies of government that collectively constitute the government of Texas, including other agencies bearing different designations, and all departments, bureaus, boards, commissions, offices, agencies, councils, and courts; (2) A political subdivision of the state, including any city, county, school district, junior college district, levee improvement district, drainage district, irrigation district, water improvement district, water control and improvement district, water control and preservation district, freshwater supply district, navigation district, conservation and reclamation district, soil conservation district, communication district, public health district, and river authority; (3) An emergency service organization; and (4) Any other institution, agency, or organ of government, the status and authority of which are derived from the Texas Constitution or from laws passed by the Texas Legislature under the Constitution.  [Texas Civil Practice & Remedies Code Ann., Section 101.001(3) (Vernon 1998)].

(8)     "Governmental units" may be liable for the wrongful or negligent conduct of "employees" only if the employees were acting within the "scope of employment" [Texas Civil Practice & Remedies Code Ann., Section 101.021 (1) (Vernon 1998)] The "scope of employment" is "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority". [Texas Civil Practice & Remedies Code Ann., Section 101.001(5) (Vernon 1998)].

(9)     An employee may be acting within the "scope of employment" even when off-duty if he or she is engaged in an activity that the employee is required to perform as apart of the job duties.  [City of Houston v. Love, 612 S.W.2d 211, 213 (Tex. App.--Houston [14th Dist.] 1980, ref. n.r.e.)].

(10)    The Texas Tort Claims Act defines an "employee" as a person, including an officer or agent, who, by competent authority, is in the paid service of a government unit.  [Texas Civil Practice & Remedies Code Ann., Section 101.001(2)].

(11)    In actions that are governed by the Texas Tort Claims Act, the liability of the municipalities is limited to $250,000 for each person, $500,000 for each single occurrence for bodily injury or death, and $100,000 for each single occurrence for property damage. **[Texas Civil Practice & Remedies Code Ann., Section 101.023(c)].**

(12)    **"Municipality"** generally means a city or an incorporated city, town, or village. [See <u>Edinburg Hospital Authority v. Treviño</u>, **941 S.W.2d 76 (Tex. 1997)].**

(13)    There is no legal distinction between the City of Brownsville, the City of Brownsville Police Department and the City of Brownsville Chief of Police for purposes of this lawsuit. **<u>Brandon v. Holt</u>, 469 U.S. 464, 105 S. Ct. 873 ( 1985).**

(14)    Exemplary damages cannot be recovered against a city under state law or 42 U.S.C. § 1983. TEX. C. P. & R. C. § 101.024; <u>City of Newport v. Fact Concerts, Inc.</u>, **453 U.S. 247, 101 S. Ct. 2748 (1981).**

### 9.  <u>CONTESTED PROPOSITIONS OF LAW</u>

**A.    PLAINTIFF'S CONTESTED PROPOSITIONS OF LAW**

1)    That the **CITY OF BROWNSVILLE** is entitled to official immunity, under Texas law;

2)    That a municipality is liable for the acts or conduct of its officers or employees;

3)    That Officer **RAYMUNDO SALINAS, JR.** acted in good faith; and

4)    That Plaintiff's civil rights were violated under the Fourth, Sixth, and Fourteenth Amendments, pursuant to 42 U.S.C.A. § 1983 of the United States Constitution and pursuant to the common law of the State of Texas.

5)    There is no cause of action under 42 U.S.C. §1983 for negligence. **<u>Daniels v. Williams</u>, 474 U.S. 327, 106 S. Ct. 662 (1986).**

6)    A municipality cannot be held liable under 42 U.S.C. §1983 for the deprivation of a person's constitutional rights at the hands of an employee of the municipality under the doctrine of respondeat superior. **<u>Monell v. New York City Dept. of Social Servs.</u>, 436 U.S. 658, 98 S. Ct. 2018 (1978).**

7)    For a municipality to be liable under 42 U.S.C. §1983 for the failure to train its police officers, the plaintiff must prove the existence of a policy or custom consciously enacted by the city's lawmakers or those whose acts or edicts may fairly be said to represent official policy, which policy reflects deliberate indifference to the constitutional rights of its citizens, and which policy was the moving force behind the

19

Plaintiff's injuries.  **City of Canton v. Harris**, 489 U.S.378, 109 S.Ct. 1197 (1989).

8) For the city to be liable for the Plaintiff's injury under state law, the Plaintiff must prove his injury was proximately caused by the wrongful act or omission or the negligence of an employee in the operation or use of a motor-driven vehicle, which took place while the employee was acting within his scope of employment, and that the employee would be personally liable to the claimant according to Texas law; or, that it was caused by a condition or use of tangible personal property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.  TEX. C. P. & R. C. § 101.021.

9) A municipality has immunity under state law for actions predicated on the municipality's failure to provide or the method of providing police protection. TEX. C. P. & R. C. § 101.055.

10) A municipality has immunity under state law for actions arising out of assault, battery, false imprisonment, or any other intentional tort of its employees. TEX. C. P. & R. C. § 101.057.

11) A judgment for the city in this case on the Plaintiff's state law claims bars a judgment on the state law claims against Officer Salinas. TEX. C. P. & R. C. § 101.106; **Thomas v. Oldham**, 895 S.W.2d 352 (1995); **DeWitt v. Harris County**, 904 S.W.2d 650 (1995).

12) SALINAS is entitled to official immunity for his actions or omissions in this case if he was acting in the course and scope of his employment as a police officer, and exercising his discretionary authority in objective good faith at the time of the actions or omissions complained of **DeWitt v. Harris County**, 904 S.W.2d 650 (1995); **City of Coppell v. Waltman**, 997 S.W.2d 633 (Tex. - App. Dallas 1998, no writ).

13) SALINAS is entitled to official immunity for his actions or omissions in this case if he was acting in the course and scope of his employment as a police officer, and exercising his discretionary authority in objective good faith at the time of the actions or omissions complained of, even if his actions or omissions were negligent.  **Coppell v. Waltman**, 997 S.W.2d 633 (Tex. - App. Dallas 1998, no writ).

14) A peace officer is justified in using force against another when and to the degree the officer reasonably believes the force is immediately necessary to make or assist in making an arrest, or to prevent or assist in preventing escape after arrest, if, the officer reasonably believes the arrest is lawful; and before using force, the officer manifests his purpose to arrest and identify himself as a peace officer, unless he reasonably believes his purpose and identity are already known by, or cannot be reasonably be known to, the person to be arrested.  TEX. PENAL CODE. § 9.51.

20

15)   In making an arrest, all reasonable means are permitted to be used to effect it. No greater force, however, shall be resorted to than is necessary to secure the arrest and detention of the accused. **TEX. C. CRIM. PRO. Art. 15.24**

16)   A judgment that **SALINAS** is entitled to official immunity in this case on the Plaintiff's state law claims bars a judgment against the City of Brownsville on the state law claims of Plaintiff. **DeWitt v. Harris County**, 904 S.W.2d 650 (1995); <u>City of Coppell v. Waltman</u>, 997 S.W.2d 633 (Tex. – App. Dallas 1998, no writ).

17)   The liability of a municipality under state law is limited to money damages in a maximum amount of $250,000 for each person. **TEX. C. P. & R. C. § 101.023.**

## B.   DEFENDANTS' CONTESTED PROPOSITIONS OF LAW

(1)   Whether the Plaintiff has stated a cause of action against the Defendants under 42 U.S.C. § 1983 under either a Fourth Amendment excessive force, Eighth Amendment cruel and unusual punishment theory, or a Fifth or Fourteenth Amendment denial of due process and equal protection theory.

(2)   Whether the Eighth Amendment provides a cause of action for pretrial detainee's alleged denial of medical treatment.

(3)   Whether the deprivation of Plaintiff's constitutional rights, if any, and injuries, if any, were the result of a policy or custom consciously enacted by the city's lawmakers or those whose acts or edicts may fairly be said to represent official policy, which policy reflected deliberate indifference to the constitutional rights of its citizens, and which policy was the moving force behind the Plaintiff's injuries, if any.

(4)   Whether Officer Salinas is entitled to Qualified/Official Immunity under 42 U.S.C. § 1983 for the actions complained of by the Plaintiff.

(5)   Whether the Plaintiff's injury was proximately caused by the wrongful act or omission or the negligence of an employee in the operation or use of a motor-driven vehicle, which took place while the employee was acting within his scope of employment, and whether the employee would be personally liable to the claimant according to Texas law.

(6)   Whether the Plaintiff's injury was proximately caused by a condition or use of tangible personal property for which the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

(7)   Whether the Plaintiff's expert is qualified to testify under Rule 702 of the Federal Rules of Evidence.

(8)   Whether the Plaintiff's injuries were sufficiently serious to constitute **"serious medical needs"** under applicable case law.

21

(9)    Whether the Plaintiff's injuries were sufficiently serious to rise to the level of a constitutional deprivation under applicable case law.

(10)    Whether the Plaintiff's acts or omissions proximately caused or contributed to the incident in question and his injuries, if any.

## 10. EXHIBITS

A.    **PLAINTIFF'S EXHIBITS:**  See attached Exhibit List.

B     **DEFENDANTS' EXHIBITS:**  See attached Exhibit List.

## 11. WITNESSES

A.    **PLAINTIFF'S WITNESSES:** See attached Witness List.  **(NOTE:** With respect to **MR. ROBERT L. NIXON,** Plaintiff anticipates the videotape of his deposition taken on **September 25, 1996** during the trial of this case.  Specifically, Plaintiff designates pages 6-24 (all lines), 25 (lines 1-18 and 21-25), 26-33 (all lines), 34 (lines 1-4 and 9-25), 35-40 (all lines), 51 (lines 1-21), 52 (lines 3-22), 53-55 (all lines), 56 (lines 1-13 and 16-25), 57-63 (all lines), 63 (lines 1-16), 63 (lines 20-21), 64 (lines 1-22), 65 (all lines), 66 (lines 1-23), 67 (lines 1-10), 68 (lines 11-25), 69-95 (all lines), 96 (lines 1-6, and 19-25), and 97-130 (all lines)**).**

B     **DEFENDANTS' WITNESSES:**  See attached Witness List.

## 12. SETTLEMENT

All settlement efforts, including non-binding mediation, have been exhausted. This case will have to be tried.  Most recently, the parties and their counsel engaged in a non-binding mediation on August 3, 1999.  However, a settlement was unable to be reached.

## 13. TRIAL

A.    **PROBABLE LENGTH OF TRIAL:**

Plaintiff's case-in-chief will take approximately four (4) days for trial. Plaintiff's rebuttal may take approximately two (2) days.

B.    **LOGISTICAL PROBLEMS:**

Plaintiff's and Defendants' experts must be notified of the trial date at least three days in advance.  There may be logistical problems in obtaining the presence of physicians who will be required to testify in order not to conflict with their schedule or practice.

22

## 14. ATTACHMENTS

**A.  PLAINTIFF'S ATTACHMENTS:**

(1)  See attached Proposed Questions on Voir Dire of Jury Panel.

(2)  See attached Proposed Jury Instructions, Definitions, and Interrogatories.

**B.  DEFENDANTS' ATTACHMENTS:**

(1)  See attached Proposed Questions on Voir Dire of Jury Panel.

(2)  See attached Proposed Charge of the Court, including instructions, definitions, and jury questions.

**DATED** this _____ day of _____, 2001.


_____
**UNITED STATES DISTRICT JUDGE**


**APPROVED BY:**

**LAW OFFICES OF
ERNESTO GAMEZ, JR., P.C.**
777 East Harrison Street
Brownsville, Texas 78520
TEL/ (956) 541-3820
FAX/ (956) 541-7694

BY: _____
**VICTOR QUINTANILLA**
State Bar No. 00786181
Federal Id. No. 16073

Attorney-in-Charge for Plaintiff **PEDRO COVARRUBIAS, JR.**

**CHAVES, GONZALES & HOBLIT, L.L.P.**
One Riverwalk Place
700 N. St. Mary's Street, Suite 1800
San Antonio, Texas  78205
Telephone No.:  (210) 224-9991
Facsimile No.:  (210) 226-1544

BY: _____
**N. MARK RALLS**
State Bar No. 16489200
Southern District of Texas No. 24392

Attorney-in-Charge for Defendant **CITY OF BROWNSVILLE**

**HIRSCH ROBINSON, P.C.**
1001 McKinney Street, Suite 2000
Houston, Texas  77002
Telephone No.:  (713) 609-7900
Facsimile No.:  (713) 658-0903

BY: _____
**MICHAEL R. ROSS**
State Bar No. 11035800
Southern District of Texas No. 0898

Attorney for Defendant **RAYMUNDO SALINAS, JR.**

24

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

PEDRO COVARRUBIAS, JR.                    *
                                          *
VS.                                       *
                                          *
CITY OF BROWNSVILLE, AND RAYMUNDO         *     CIVIL ACTION NO. B-96-195
SALINAS, JR., CITY OF BROWNSVILLE         *
POLICE OFFICER, INDIVIDUALLY, AND         *
AND IN HIS OFFICIAL CAPACITY              *

---

**PLAINTIFF'S PROPOSED QUESTIONS ON VOIR DIRE OF JURY PANEL**

---

COMES NOW, PEDRO COVARRUBIAS, JR., Plaintiff in the above-styled and numbered civil action, and respectfully requests that this Honorable Court propound to the jury panel during voir dire and/or jury selection the questions which are attached hereto.

Respectfully submitted,

LAW OFFICES OF
ERNESTO GAMEZ, JR., P.C.
777 E. Harrison Street
Brownsville, Texas  78520
Telephone No.:  (956) 541-3820
Facsimile No.:  (956) 541-7694


BY: _____
VICTOR QUINTANILLA
State Bar No. 00786181
Federal Id. No. 16073

**ATTORNEY-IN-CHARGE    FOR
PEDRO COVARRUBIAS, JR.**

## CERTIFICATE OF SERVICE

I, **VICTOR QUINTANILLA**, hereby certify that on this 15th day of February, 2001, a true and correct copy of the foregoing **Plaintiff's Proposed Questions on Voir Dire of Jury Panel** was served via certified mail return receipt requested in accordance with the Federal Rules of Civil Procedure to-wit:

Hon. Mark Ralls                    **VIA FAX:   (210) 226-1544**
**CHAVES, GONZALES & HOBLIT, L.L.P.**
One Riverwalk Place
700 N. St. Mary's Street, Suite 1800
San Antonio, Texas   78205

Hon. Michael R. Ross               **VIA FAX:   (713) 658-0903**
**HIRSCH ROBINSON, P.C.**
1001 McKinney Street, Suite 2000
Houston, Texas   77002

_____
VICTOR QUINTANILLA

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PEDRO COVARRUBIAS, JR. | * | |
| | * | |
| VS. | * | |
| | * | |
| CITY OF BROWNSVILLE, AND RAYMUNDO | * | CIVIL ACTION NO. B-96-195 |
| SALINAS, JR., CITY OF BROWNSVILLE | * | |
| POLICE OFFICER, INDIVIDUALLY, AND | * | |
| AND IN HIS OFFICIAL CAPACITY | * | |

PLAINTIFF'S PROPOSED QUESTIONS ON VOIR DIRE OF JURY PANEL

1.  Is any member of the panel familiar with any facts of the occurrence in question which involved the negligence and/or use of excessive, unnecessary, and unlawful force against Plaintiff while being arrested on or about October 17, 1992 at the 2800 Block of E. Price Road, Brownsville, Cameron County, Texas?

2.  Is there any member of the panel or a member of his family who has been involved in an altercation with police officers, any other enforcement agency, the CITY OF BROWNSVILLE, or the CITY OF BROWNSVILLE POLICE DEPARTMENT?  If so, state the identify of such person, injuries received, whether or not any claims were made because of such altercation, regardless of whether or not the claim included a lawsuit and regardless of whether or not a lawyer was hired to represent you?

3.  Is there any member of the jury panel who himself or his or her spouse has ever been involved in the law enforcement industry or been a police officer or had a close member of your family who was or is a police officer?

4.  Is there any member of the jury panel who himself or his or her spouse has ever been involved with the CITY OF BROWNSVILLE or the CITY OF BROWNSVILLE POLICE DEPARTMENT or had close member of your family who was or is employed with the CITY OF BROWNSVILLE or the city of BROWNSVILLE POLICE DEPARTMENT?

5.  Do any of you at the present time work for a living as a police officer, for the CITY OF BROWNSVILLE, or for the City of BROWNSVILLE POLICE DEPARTMENT, or have you at any time in the past done so?

3

6.  Is there any member of the jury who presently has or has had in the past any altercation with the **CITY OF BROWNSVILLE?**

7.  Is there any member of the jury who presently has or has had in the past any altercations with the **CITY OF BROWNSVILLE POLICE DEPARTMENT?**

8.  Has any member of the jury panel ever been a Defendant in a lawsuit?

9.  Has any member of the jury panel ever had a claim for money damages made against them, whether it resulted in a lawsuit or not?

10. Has any member of the jury panel heard of the "**Litigation Crisis**" known as **Lawsuit Abuse** and do they believe that one exists?

11. Has any member of the jury panel ever been the owner of a business, large or small, at any time in the past?

12. Has any member of the jury panel ever been a witness in any kind of a lawsuit, whether it is not pending or has been disposed of by settlement or trial in the past?

13. Does any member of the jury panel have any prior jury service either in the United States District Court or in a state court?  If so, what kind of case did you serve on?

14. Has any member of the jury panel been represented by any of the lawyers in this case?

    **VICTOR QUINTANILLA**, with the firm of **ERNESTO GAMEZ, JR., P.C.**, Counsel for Plaintiff **PEDRO COVARRUBIAS, JR.**;

    **ERNESTO GAMEZ, JR.** with the firm of **ERNESTO GAMEZ, JR., P.C.**, Counsel for Plaintiff **PEDRO COVARRUBIAS, JR.**;

    **N. MARK RALLS**, Counsel for Defendant **CITY OF BROWNSVILLE**; or

    **MICHAEL ROSS**, Counsel for Defendant **RAYMUNDO SALINAS, JR.**.

15. Is there anyone on the jury panel who would not or could not award damages in a substantial sum, even if the evidence supported such an award?

16. Is there any member of the jury panel who has any quarrel with the rule of laws whereby the employer stands liable for the negligence of his employee, while the employee works within the course and scope of his employment?

4

17.   Is there any member of the jury panel who has any prejudice or feeling against suits against the **CITY OF BROWNSVILLE**, the **CITY OF BROWNSVILLE POLICE DEPARTMENT**, a police officer, or who has had any experience which would cause him or her to have a feeling, bias, prejudice or opinion before hearing any of the evidence in the instant case?

18.   Is there any member of the jury panel who has any quarrel with the rule of law that Plaintiff has to prove his case only by a preponderance of the evidence and not beyond a reasonable doubt or to a moral certainty, as in a criminal case?

19.   Is there any member of the jury panel who for any reason, whether asked or not, could not be fair and impartial in this case if chosen as a juror?

5

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **PEDRO COVARRUBIAS, JR.** | * | |
| | * | |
| **VS.** | * | |
| | * | |
| **CITY OF BROWNSVILLE, AND RAYMUNDO** | * | **CIVIL ACTION NO. B-96-195** |
| **SALINAS, JR., CITY OF BROWNSVILLE** | * | |
| **POLICE OFFICER, INDIVIDUALLY, AND** | * | |
| **AND IN HIS OFFICIAL CAPACITY** | * | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS, DEFINITIONS, AND INTERROGATORIES

**COMES NOW, PEDRO COVARRUBIAS, JR.,** Plaintiff in the above-styled and civil

action, having been presented before the Court the charge to the jury in the time and manner required

by law, respectfully requests that the Court submit to the jury the jury instructions, definitions, and

interrogatories attached Exhibit hereto as **Exhibit "A"**.

Respectfully submitted,

LAW OFFICES OF
ERNESTO GAMEZ, JR., P.C.
777 E. Harrison Street
Brownsville, Texas 78520
TEL/ (956) 541-3820
FAX/ (956) 541-7694

BY: _____
VICTOR QUINTANILLA
State Bar No. 00786181
Federal Id. No. 16073

Attorney-in Charge for Plaintiff
**PEDRO COVARRUBIAS, JR.**

1

2

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing **Plaintiff's Proposed Jury**

**Instructions, Definitions, and Interrogatories** has been served on opposing counsel in accordance

with the Federal Rules of Civil Procedure, on this the 15th day of February, 2001, to wit:

Hon. Mark Ralls                         **VIA LONE STAR OVERNIGHT**
**CHAVES, GONZALES & HOBLIT, L.L.P.**
One Riverwalk Place
700 N. St. Mary's Street, Suite 1800
San Antonio, Texas 78205

Hon. Michael R. Ross                    **VIA LONE STAR OVERNIGHT**
**HIRSCH ROBINSON, P.C.**
1001 McKinney Street, Suite 2000
Houston, Texas 77002

VICTOR QUINTANILLA

3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| PEDRO COVARRUBIAS, JR. | * | |
| | * | |
| VS. | * | |
| | * | |
| CITY OF BROWNSVILLE, AND RAYMUNDO | * | CIVIL ACTION NO. B-96-195 |
| SALINAS, JR., CITY OF BROWNSVILLE | * | |
| POLICE OFFICER, INDIVIDUALLY, AND | * | |
| AND IN HIS OFFICIAL CAPACITY | * | |

## CONTENTS

1.   PRELIMINARY INSTRUCTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

2.   FIRST RECESS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

3.   STIPULATED TESTIMONY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

4.   STIPULATIONS OF FACT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

5.   JUDICIAL NOTICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

6.   DISCONTINUANCE AS TO SOME PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

7.   PUBLICITY DURING TRIAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

8.   BENCH CONFERENCES AND RECESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

9.   DEMONSTRATIVE EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

10.   WITNESS NOT CALLED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

11.   SIMILAR ACTS-CAUTIONARY CHARGE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

12.   DUTY TO DELIBERATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

13.   INSTRUCTIONS ON DELIBERATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

14.   BIAS-CORPORATE PARTY INVOLVED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

4

15.   CLEAR AND CONVINCING EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

16.   LIMITING INSTRUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

17.   IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS . . . . . . . . . . . . 24

18.   IMPEACHMENT BY WITNESSES' FELONY CONVICTION . . . . . . . . . . . . . . . . . . . 25

19.   CONSIDERATION OF THE EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

20.   EXPERT WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

21.   BURDEN OF PROOF WHEN ONLY PLAINTIFF HAS BURDEN . . . . . . . . . . . . . . . 28

22.   USE OF NOTES TAKEN BY JURORS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

23.   CAUTIONARY INSTRUCTION ON DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

24.   DEPOSITION TESTIMONY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

25.   GENERAL INSTRUCTIONS FOR CHARGE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

26.   DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .40

27.   COMPENSATORY DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .41

28.   CALCULATION OF PAST AND FUTURE DAMAGES . . . . . . . . . . . . . . . . . . . . . . . 42

29.   INJURY/PAIN/DISABILITY/DISFIGUREMENT/LOSS . . . . . . . . . . . . . . . . . . . . . . . . 44

      OF CAPACITY FOR ENJOYMENT OF LIFE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

30.   MEDICAL EXPENSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

31.   PROPOSED INTERROGATORIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

CitePDF - www.texto.com

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS

### BROWNSVILLE DIVISION

PEDRO COVARRUBIAS, JR. ...................................................
     *

        ..........................................................................
        .......................................................................*

VS.         ..........................................................................
        .......................................................................*

        ..........................................................................
        .......................................................................*

CITY OF BROWNSVILLE, AND RAYMUNDO ...............................*
CIVIL ACTION NO. B-96-195

SALINAS, JR., CITY OF BROWNSVILLE .....................................*

POLICE OFFICER, INDIVIDUALLY, AND    .................................*

AND IN HIS OFFICIAL CAPACITY ..........................................   *

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

### 1.PRELIMINARY INSTRUCTIONS[1]

MEMBERS OF THE JURY:

     You have now been sworn as the jury to try this case. As the jury you will decide the disputed

questions of fact.

---

Authority: Fifth Circuit, Pattern Jury Instructions (Civil Cases), §1.1
(1998).

CIVPDF - www.fenito.com

As the Judge, I will decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence. What the lawyers say is not evidence.

After the opening statements, the plaintiff will call witnesses and present evidence. Then, the defendant will have an opportunity to call witnesses and present evidence. After the parties' main case is completed, the plaintiff may be permitted to present rebuttal evidence. After all the evidence is completed, the lawyers will again address you to make final arguments. Then I will instruct you on the applicable law. You will then retire to deliberate on a verdict.

Keep an open mind during the trial. Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence.

If you would like to take notes during the trial, you may do so. If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony. Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes. If you do not take notes, rely on your own independent memory of the testimony. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than the recollection of each juror concerning the testimony. Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits [may] [will] be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately. Hold yourself completely apart from the people involved in the case-the parties, the witnesses, the attorneys and persons associated with them. It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

7

Do not make any independent investigation of any fact or matter in this case. You are to be guided solely by what you see and hear in this trial. Do not learn anything about the case from any other source.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence. I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is now time for the opening statements.

## 2.FIRST RECESS[2]

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the marshal to give to me.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

---

Authority: Fifth Circuit, Pattern Jury Instructions (Civil Cases), §2.1 (1998).

9

### 3. STIPULATED TESTIMONY3

The parties have agreed or stipulated that [e.g., if _____ were called as a witness he would testify that _____].

The agreement is that would be [_____'s] testimony if called as a witness.  You should consider that testimony in the same way as if it had 'been given here in court, and give it the value you believe it deserves.

---

Authority: Fifth Circuit, Pattern Jury Instructions (Civil Cases), §2.2 (1998).

10

## 4.STIPULATIONS OF FACT4

The parties have agreed, or stipulated, that [_____]. This means that both sides agree that this is a fact. You must therefore treat this fact as having been proved.

---

Authority: Fifth Circuit, Pattern Jury Instructions (Civil Cases), §2.3 (1998).

11

## 5.JUDICIAL NOTICE[5]

Although no evidence has been presented, I instruct you that you must accept as proved [state the facts].

---

Authority: Fifth Circuit, Pattern Jury Instructions (Civil Cases), §2.4 (1998).

12

## 6. DISCONTINUANCE AS TO SOME PARTIES[6]

_____ and _____ are no longer involved in this trial. As jurors, it is your duty to consider the issues between [among] (identify remaining parties) under the instructions I give you after you have heard all of the evidence [which might still concern _____ and _____ 's conduct in this dispute].

---

Authority: Fifth Circuit, Pattern Jury Instructions (Civil Cases), §2.5 (1998).

13

## 7.PUBLICITY DURING TRIAL7

If there is publicity about this trial, you must ignore it. You must decide this case only from the evidence presented in the trial. Do not read anything or listen to any TV or radio programs about the case. [This instruction can be modified according to the extent of the case's notoriety].

---

Authority: Fifth Circuit, Pattern Jury Instructions (Civil Cases), §2.6 (1998).

14

## 8.BENCH CONFERENCES AND RECESSES[8]

At times during the trial it may be necessary for me to talk with the lawyers here at the bench out of your hearing, or by calling a recess. We meet because often during a trial something comes up that doesn't involve the jury.

---

Authority: Fifth Circuit, Pattern Jury Instructions (Civil Cases), §2.7 (1998).

15

## 9.DEMONSTRATIVE EVIDENCE9

Exhibit [describe] is an illustration. It is a party's [description or picture or model] to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.

---

Authority: Fifth Circuit, Pattern Jury Instructions (Civil Cases), §2.8 (1998).

## 10. WITNESS NOT CALLED[10]

(Name of Witness) _____ was available to both sides. Thus [the plaintiff] [the defendant] cannot complain that (Witness) was not called to testify, because

(Party) could have called (Witness).


[This instruction is appropriate only if the issue arises during closing argument or at some other time in trial.]

---

Authority: Fifth Circuit, Pattern Jury Instructions (Civil Cases), §2.9 (1998).

17

## 11.SIMILAR ACTS-CAUTIONARY CHARGE11

Evidence that an act was done at one time or on one occasion is not any evidence or proof whatever that the act was done in this case.

Then how may you consider evidence of similar acts?

You may consider evidence of similar acts for the limited purpose of showing __ )s [motive, opportunity, intent, knowledge, plan, identity, or absence of mistake or accident] which is at issue in this case.

Such evidence may not be considered for any other purpose whatsoever. You can't use it to reflect on _____ 's character.

[This is a charge pursuant to FRE 404B and should not be used if the evidence is otherwise admissible as circumstantial evidence of the act at issue in the case [prior or subsequent occurrence; see, e.g., McCormick on Evidence, Third Edition, See. 200, West Pub. Co., 1984; *Hicks v. Six Flags Over Mid-America*, 821 F.2d 1311 (8th Cir.1987) and the cases cited therein].]

---

Authority: Fifth Circuit, Pattern Jury Instructions (Civil Cases), §2.10 (1998).

## 12.DUTY TO DELIBERATE[12]

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges-judges of the facts. Your only interest is to seek the truth from the evidence in the case.

---

Authority: Fifth Circuit, Pattern Jury Instructions (Civil Cases), §2.11 (1998).

19

## 13. INSTRUCTIONS ON DELIBERATION[13]

When you retire to the jury room. to deliberate, you may take with you [this charge and] the exhibits that the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form. [Return this charge together with your written answers to the questions.] Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

You may now retire to the jury room to conduct your deliberations.

---

Authority: Fifth Circuit, Pattern Jury Instructions (Civil Cases), §2.12 (1998).

## 15. CLEAR AND CONVINCING EVIDENCE[15]

Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction as to the matter at issue. This involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard; however, proof to an absolute -certainty is not required.

---

Authority: Fifth Circuit, Pattern Jury Instructions (Civil Cases), §2.14 (1998).

22

CVinPDF – www.fastio.com

## 16.LIMITING INSTRUCTION16

You will recall that during the course of this trial I instructed you that I admitted ' certain testimony [and certain exhibits] for a limited purpose and I instructed you that you may consider some testimony [and documents] as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted. [Specific limiting instructions may be repeated as appropriate.]

---

Authority: Fifth Circuit, Pattern Jury Instructions (Civil Cases), §2.15 (1998).

## 17. IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS17

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said [or did] something, [or failed to say or do something] that was different from the testimony he gave at the trial!

This charge may be elaborated on in the following manner:

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

---

Authority: Fifth Circuit, Pattern Jury Instructions (Civil Cases), §2.16 (1998).

24

## 18.IMPEACHMENT BY WITNESSES' FELONY CONVICTION18

In weighing the credibility of a witness, you may consider the fact that he has previously been convicted of a felony [a crime involving dishonesty or false statement]. Such a conviction does not necessarily destroy the witness' credibility, but it is one of the circumstances you may take into account in determining the weight to give to his testimony.

---

Authority: Fifth Circuit, Pattern Jury Instructions (Civil Cases), §2.17 (1998).

25

## 19. CONSIDERATION OF THE EVIDENCE[19]

You must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider. One is direct evidence-such as testimony of an eyewitness. The other is indirect or circumstantial evidence the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

---

Authority: Fifth Circuit, Pattern Jury Instructions (Civil Cases), §2.18 (1998).

26

## 20. EXPERT WITNESSES[20]

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field-he is called an expert witness-is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

---

Authority: Fifth Circuit, Pattern Jury Instructions (Civil Cases), §2.19 (1998).

## 21.BURDEN OF PROOF WHEN ONLY PLAINTIFF HAS BURDEN21

In this case, the plaintiff must prove every essential part of his claim by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that the plaintiffs claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

---

Authority: Fifth Circuit, Pattern Jury Instructions (Civil Cases), §2.20 (1998).

28

## 22. USE OF NOTES TAKEN BY JURORS22

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

---

Authority: Fifth Circuit, Pattern Jury Instructions (Civil Cases), §2.21 (1998).

CMPDF - www.texla.com

## 23.CAUTIONARY INSTRUCTION ON DAMAGES23

You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case.

---

 Authority: Fifth Circuit, Pattern Jury Instructions (Civil Cases), §2.22 (1998).

## 24.DEPOSITION TESTIMONY24

Certain testimony will now be presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers will be read (shown) to you today. This deposition testimony is entitled to the same consideration [and is to be judged by you as to credibility] [and weighed and otherwise considered by you insofar as possible in the same way] as if the witness had been present and had testified from the witness stand in court.

---

Authority: Fifth Circuit, Pattern Jury Instructions (Civil Cases), §2.23 (1998).

## 25. GENERAL INSTRUCTIONS FOR CHARGE25

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

[After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.] [You have heard the closing arguments of the attorneys.] Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. [Do not decide who you think should win and then answer the questions accordingly.] Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater

weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

[You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted. (Specific limiting instructions may be repeated as appropriate.) I

In determining the weight to give to the testimony of a witness, you should ask yourself whether there

---

Authority: Fifth Circuit, Pattern Jury Instructions (Civil Cases), §3.1 (1998).

was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

[The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness. Such a conviction does not necessarily destroy the witness' credibility, but it is one of the circumstances you may take into account in determining the weight to give to his testimony.]

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence such as testimony of an eyewitness. The other is indirect or circumstantial evidence-the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field-he is called an expert witness-is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it

is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

[Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.]

When you retire to the jury room to deliberate on your verdict, you may take [this charge with you as well as] exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. [You may now retire to the jury room to conduct your deliberations.]

YOU SHOULD KEEP IN MIND, OF COURSE, THAT A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS WAS NOT TELLING THE TRUTH AS HE OR SHE REMEMBERS IT, BECAUSE PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. SO, IF A WITNESS HAS MADE A MISSTATEMENT, YOU

34

NEED TO CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT LAPSE OF MEMORY; AND THE SIGNIFICANCE OF THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.

WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE IN THIS CASE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE. IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS THAT REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS THAT HAVE BEEN ESTABLISHED BY THE TESTIMONY AND EVIDENCE IN THE CASE.

THE TESTIMONY OF A SINGLE WITNESS MAY BE SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL THE OTHER EVIDENCE YOU BELIEVE THAT SINGLE WITNESS.

THERE ARE TWO TYPES OF EVIDENCE THAT YOU MAY CONSIDER IN PROPERLY FINDING THE TRUTH AS TO THE FACTS IN THE CASE. ONE IS DIRECT EVIDENCE--SUCH AS TESTIMONY OF AN EYEWITNESS. THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE--THE PROOF OF A CLAIM OF CIRCUMSTANCES THAT INDICATES THE EXISTENCE OR NONEXISTENCE OF CERTAIN OTHER FACTS. AS A GENERAL RULE, THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT YOU FIND THE FACTS FROM A PREPONDERANCE OF ALL THE EVIDENCE, BOTH DIRECT AND CIRCUMSTANTIAL.

WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR EXPERIENCE IN THAT TECHNICAL FIELD--HE IS CALLED AN EXPERT WITNESS--IS PERMITTED TO STATE HIS OPINION ON THOSE TECHNICAL MATTERS. HOWEVER, YOU ARE NOT REQUIRED TO ACCEPT THAT OPINION. AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY UPON IT.

IN DECIDING WHETHER TO ACCEPT OR RELY UPON THE OPINION OF AN EXPERT WITNESS, YOU MAY CONSIDER ANY BIAS OF THE WITNESS, INCLUDING ANY BIAS YOU MAY INFER FROM EVIDENCE THAT THE EXPERT WITNESS HAS BEEN OR WILL BE PAID FOR

REVIEWING THE CASE AND TESTIFYING, OR FROM EVIDENCE THAT HE TESTIFIES REGULARLY AS AN EXPERT WITNESS AND HIS INCOME FROM SUCH TESTIMONY REPRESENTS A SIGNIFICANT PORTION OF HIS INCOME.

ANY NOTES THAT YOU HAVE TAKEN DURING THIS TRIAL ARE ONLY AIDS TO MEMORY. IF YOUR MEMORY SHOULD DIFFER FROM YOUR NOTES, THEN YOU SHOULD RELY ON YOUR MEMORY AND NOT ON THE NOTES. THE NOTES ARE NOT EVIDENCE. A JUROR WHO HAS NOT TAKEN NOTES SHOULD RELY ON HIS OR HER INDEPENDENT RECOLLECTION OF THE EVIDENCE AND SHOULD NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS. NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT THAN THE RECOLLECTION OR IMPRESSION OF EACH JUROR ABOUT THE TESTIMONY.

WHEN WORDS ARE USED IN THE QUESTIONS IN A SENSE WHICH VARIES FROM THE MEANING COMMONLY UNDERSTOOD, YOU WILL BE GIVEN IN THIS CHARGE A PROPER LEGAL DEFINITION, WHICH YOU ARE BOUND TO ACCEPT IN PLACE OF ANY OTHER DEFINITION OR MEANING.

ANSWER **"YES"** OR **"NO"** UNLESS OTHERWISE INSTRUCTED. A **"YES"** ANSWER MUST BE BASED ON A PREPONDERANCE OF THE EVIDENCE. IF YOU DO NOT FIND A PREPONDERANCE OF THE EVIDENCE SUPPORTS A **"YES"** ANSWER, THEN ANSWER **"NO"**.

**"PREPONDERANCE OF THE EVIDENCE"** MEANS THE GREATER WEIGHT AND DEGREE OF CREDIBLE TESTIMONY OR EVIDENCE INTRODUCED BEFORE YOU AND ADMITTED IN THIS CASE.

**"NEGLIGENCE"** MEANS FAILURE TO USE ORDINARY CARE; THAT IS TO FAIL TO DO THAT WHICH A PERSON OF ORDINARY PRUDENCE WOULD HAVE DONE UNDER THE SAME OR SIMILAR CIRCUMSTANCES, OR DOING THAT WHICH A PERSON OF ORDINARY PRUDENCE WOULD NOT HAVE DONE UNDER THE SAME OR SIMILAR CIRCUMSTANCES.

**"PROXIMATE CAUSE"** THAT CAUSE, WHICH IN A NATURAL AND CONTINUOUS SEQUENCE PRODUCES AN EVENT, AND WITHOUT WHICH CAUSE SUCH EVENT WOULD NOT HAVE OCCURRED; AND IN ORDER TO BE A PROXIMATE CAUSE, THE ACT OR OMISSION COMPLAINED OF MUST BE SUCH THAT A PERSON USING ORDINARY CARE WOULD HAVE

CVirPDF - www.tavisa.com

FORESEEN THAT THE EVENT, OR SOME SIMILAR EVENT, MIGHT REASONABLY RESULT THEREFROM. THERE MAY BE MORE THAN ONE PROXIMATE CAUSE OF AN EVENT.

**"ORDINARY CARE"** MEANS THAT DEGREE OF CARE WHICH WOULD BE USED BY A PERSON OF ORDINARY PRUDENCE UNDER THE SAME OR SIMILAR CIRCUMSTANCES.

IF YOU FIND THAT THE DEFENDANTS ARE LIABLE TO THE PLAINTIFF, THEN YOU MUST DETERMINE AN AMOUNT THAT IS FAIR COMPENSATION FOR ALL OF THE PLAINTIFF'S DAMAGES. THESE DAMAGES ARE CALLED COMPENSATORY DAMAGES. THE PURPOSE OF COMPENSATORY DAMAGES IS TO MAKE THE PLAINTIFF WHOLE--THAT IS, TO COMPENSATE THE PLAINTIFF FOR THE DAMAGED THAT THE PLAINTIFF HAS SUFFERED. [COMPENSATORY DAMAGES ARE NOT LIMITED TO EXPENSES THAT THE PLAINTIFF MAY HAVE INCURRED BECAUSE OF HIS INJURY. IF THE PLAINTIFF WINS, HE IS ENTITLED TO COMPENSATORY DAMAGES FOR THE PHYSICAL INJURY, PAIN AND SUFFERING, MENTAL ANGUISH, SHOCK AND DISCOMFORT THAT HE HAS SUFFERED BECAUSE OF THE DEFENDANTS' CONDUCT.

YOU MAY AWARD COMPENSATORY DAMAGES ONLY FOR INJURIES THAT THE PLAINTIFF PROVES WERE PROXIMATELY CAUSED BY THE DEFENDANTS' ALLEGEDLY WRONGFUL CONDUCT. THE DAMAGES THAT YOU AWARD MUST BE FAIR COMPENSATION FOR ALL OF THE PLAINTIFF'S DAMAGES, NO MORE AND NO LESS. YOU SHOULD NOT AWARD COMPENSATORY DAMAGES FOR SPECULATIVE INJURIES, BUT ONLY FOR THOSE INJURIES WHICH THE PLAINTIFF HAS ACTUALLY SUFFERED OR THAT THE PLAINTIFF IS REASONABLY LIKELY TO SUFFER IN THE FUTURE.

IF YOU DECIDE TO AWARD COMPENSATORY DAMAGES, YOU SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE. COMPUTING DAMAGES MAY BE DIFFICULT, BUT YOU MUST NOT LET THAT DIFFICULTY LEAD YOU TO ENGAGE IN ARBITRARY GUESSWORK. ON THE OTHER HAND, THE LAW DOES NOT REQUIRE THAT THE PLAINTIFF PROVE THE AMOUNT OF HIS LOSSES WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS AND ACCURACY AS THE CIRCUMSTANCES PERMIT.

YOU MUST USE SOUND DISCRETION IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES WHERE YOU FIND THEM APPROPRIATE FROM THE FACTS AND CIRCUMSTANCES IN EVIDENCE.

YOU SHOULD CONSIDER THE FOLLOWING ELEMENTS OF DAMAGE, TO THE EXTENT

YOU FIND THEM PROVED BY A PREPONDERANCE OF THE EVIDENCE:

A.    DAMAGES ACCRUED

IF YOU FIND FOR THE PLAINTIFF, HE IS ENTITLED TO RECOVER AN AMOUNT THAT WILL FAIRLY COMPENSATE HIM FOR ANY DAMAGES HE HAS SUFFERED TO DATE.

B.    CALCULATION OF FUTURE DAMAGES

IF YOU FIND THAT THE PLAINTIFF IS REASONABLY CERTAIN TO SUFFER DAMAGES IN THE FUTURE FROM HIS INJURIES, THEN YOU SHOULD AWARD HIM THE AMOUNT YOU BELIEVE WOULD FAIRLY COMPENSATE HIM FOR SUCH FUTURE DAMAGES.

C.    REDUCTION OF FUTURE DAMAGES TO PRESENT VALUE

AN AWARD OF FUTURE DAMAGES NECESSARILY REQUIRES THAT PAYMENT BE MADE NOW FOR A LOSS THAT PLAINTIFF WILL NOT ACTUALLY SUFFER UNTIL SOME FUTURE DATE.  IF YOU SHOULD FIND THAT THE PLAINTIFF IS ENTITLED TO FUTURE DAMAGES, INCLUDING FUTURE EARNINGS, THEN YOU MUST DETERMINE THE PRESENT WORTH IN DOLLARS OF SUCH FUTURE DAMAGES.

IF YOU AWARD DAMAGES FOR LOSS OF FUTURE EARNINGS, YOU MUST CONSIDER TWO PARTICULAR FACTORS:

1.    YOU SHOULD REDUCE ANY AWARD BY THE AMOUNT OF THE EXPENSES THAT THE PLAINTIFF WOULD HAVE INCURRED IN MAKING THOSE EARNINGS.

2.    IF YOU MAKE AN AWARD FOR FUTURE LOSS OF EARNINGS, YOU MUST REDUCE IT TO PRESENT VALUE BY CONSIDERING THE INTEREST THAT THE PLAINTIFF COULD EARN ON THE AMOUNT OF THE AWARD IF HE MADE A RELATIVELY RISK-FREE INVESTMENT.  THE REASON WHY YOU MUST MAKE THIS REDUCTION IS BECAUSE AN AWARD AN AMOUNT REPRESENTING FUTURE LOSS OF EARNINGS IS MORE VALUABLE TO THE PLAINTIFF IF HE RECEIVES IT TODAY THAN IF HE RECEIVED IT IN THE FUTURE, WHEN HE WOULD OTHERWISE HAVE EARNED IT.  IT IS MORE VALUABLE BECAUSE THE PLAINTIFF CAN EARN INTEREST ON IT FOR THE PERIOD OF TIME BETWEEN THE DATE OF THE AWARD AND THE DATE HE WOULD HAVE EARNED THE MONEY.

THUS YOU SHOULD ADJUST THE AMOUNT OF ANY AWARD OF FUTURE LOSS OF EARNINGS BY THE AMOUNT OF INTEREST THAT THE PLAINTIFF CAN EARN ON THAT AMOUNT IN THE FUTURE.

IF YOU MAKE ANY AWARD FOR FUTURE MEDICAL EXPENSES, YOU SHOULD ADJUST OR DISCOUNT THE AWARD TO PRESENT VALUE IN THE SAME MANNER AS WITH LOSS OF FUTURE EARNINGS.

HOWEVER, YOU MUST NOT MAKE ANY ADJUSTMENT TO PRESENT VALUE FOR ANY DAMAGES YOU MAY AWARD FOR FUTURE PAIN AND SUFFERING OR FUTURE MENTAL ANGUISH.

YOU MAY AWARD DAMAGES FOR ANY BODILY INJURY THAT THE PLAINTIFF SUSTAINED AND ANY PAIN AND SUFFERING, DISFIGUREMENT, MENTAL ANGUISH, OR LOSS OF CAPACITY FOR ENJOYMENT OF LIFE THAT THE PLAINTIFF EXPERIENCED IN THE PAST OR WILL EXPERIENCE IN THE FUTURE AS A RESULT OF THE BODILY INJURY. NO EVIDENCE OF THE VALUE OF INTANGIBLE THINGS, SUCH AS MENTAL OR PHYSICAL PAIN AND SUFFERING, HAS BEEN OR NEED BE INTRODUCED. YOU ARE NOT TRYING TO DETERMINE VALUE, BUT AN AMOUNT THAT WILL FAIRLY COMPENSATE THE PLAINTIFF FOR THE DAMAGES HE HAS SUFFERED. THERE IS NO EXACT STANDARD FOR FIXING THE COMPENSATION TO BE AWARDED FOR THESE ELEMENTS OF DAMAGE. ANY AWARD THAT YOU MAKE SHOULD BE FAIR IN THE LIGHT OF THE EVIDENCE.

## D.   MEDICAL EXPENSES

THE REASONABLE EXPENSE OF HOSPITALIZATION AND MEDICAL CARE AND TREATMENT THAT THE PLAINTIFF WILL REQUIRE BECAUSE OF HIS INJURIES WHICH WERE CAUSED BY THE DEFENDANTS' WRONGFUL CONDUCT.

## DAMAGES

### CONSIDER DAMAGES ONLY IF NECESSARY

IF THE PLAINTIFF HAS PROVEN HIS CLAIM AGAINST THE DEFENDANT BY A PREPONDERANCE OF THE EVIDENCE, YOU MUST DETERMINE THE DAMAGES TO WHICH THE PLAINTIFF IS ENTITLED.  YOU SHOULD NOT INTERPRET THE FACT THAT I HAVE GIVEN INSTRUCTIONS ABOUT THE PLAINTIFF'S DAMAGES AS AN INDICATION IN ANY WAY THAT I BELIEVE THAT THE PLAINTIFF SHOULD, OR SHOULD NOT, WIN THIS CASE.  IT IS YOUR TASK FIRST TO DECIDE WHETHER THE DEFENDANT IS LIABLE.  I AM INSTRUCTING YOU ON DAMAGES ONLY SO THAT YOU WILL HAVE GUIDANCE IN THE EVENT YOU DECIDE THAT THE DEFENDANT IS LIABLE AND THAT THE PLAINTIFF IS ENTITLED TO RECOVER MONEY FROM THE DEFENDANT.

## <u>COMPENSATORY DAMAGES</u>

IF YOU FIND THAT THE DEFENDANT IS LIABLE TO THE PLAINTIFF, THEN YOU MUST DETERMINE AN AMOUNT THAT IS FAIR COMPENSATION FOR ALL OF THE PLAINTIFF'S DAMAGES. THESE DAMAGES ARE CALLED COMPENSATORY DAMAGES. THE PURPOSE OF COMPENSATORY DAMAGES IS TO MAKE THE PLAINTIFF WHOLE--THAT IS, TO COMPENSATE THE PLAINTIFF FOR THE DAMAGE THAT THE PLAINTIFF HAS SUFFERED. [COMPENSATORY DAMAGES ARE NOT LIMITED TO EXPENSES THAT THE PLAINTIFF MAY HAVE INCURRED BECAUSE OF HIS INJURY.  IF THE PLAINTIFF WINS, HE IS ENTITLED TO COMPENSATORY DAMAGES FOR THE PHYSICAL INJURY, PAIN AND SUFFERING, MENTAL ANGUISH, SHOCK AND DISCOMFORT THAT HE HAS SUFFERED BECAUSE OF THE DEFENDANT'S CONDUCT.]

YOU MAY AWARD COMPENSATORY DAMAGES ONLY FOR INJURIES THAT THE PLAINTIFF PROVES WERE PROXIMATELY CAUSED BY THE DEFENDANT'S ALLEGEDLY WRONGFUL CONDUCT. THE DAMAGES THAT YOU AWARD MUST BE FAIR COMPENSATION FOR ALL OF THE PLAINTIFF'S DAMAGES, NO MORE AND NO LESS. [DAMAGES ARE  NOT ALLOWED AS A PUNISHMENT AND CANNOT BE IMPOSED OR INCREASED TO PENALIZE THE DEFENDANT.] YOU SHOULD NOT AWARD COMPENSATORY DAMAGES FOR SPECULATIVE INJURIES, BUT ONLY FOR THOSE INJURIES WHICH THE PLAINTIFF HAS ACTUALLY SUFFERED OR THAT THE PLAINTIFF IS REASONABLY LIKELY TO SUFFER IN THE FUTURE.

IF YOU DECIDE TO AWARD COMPENSATORY DAMAGES, YOU SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE. COMPUTING DAMAGES MAY BE DIFFICULT, BUT YOU MUST NOT LET THAT DIFFICULTY LEAD YOU TO ENGAGE IN ARBITRARY GUESS WORK. ON THE OTHER HAND, THE LAW DOES NOT REQUIRE THAT THE PLAINTIFF PROVE THE AMOUNT OF HIS LOSSES WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS AND ACCURACY AS THE CIRCUMSTANCES PERMIT.

YOU MUST USE SOUND DISCRETION IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES WHERE YOU FIND THEM APPROPRIATE FROM THE FACTS AND CIRCUMSTANCES IN EVIDENCE.

YOU SHOULD CONSIDER THE FOLLOWING ELEMENTS OF DAMAGE, TO THE EXTENT YOU FIND THEM PROVED BY A PREPONDERANCE OF THE EVIDENCE:

## CALCULATION OF PAST AND FUTURE DAMAGES

### A.    DAMAGES ACCRUED

IF YOU FIND FOR THE PLAINTIFF, HE IS ENTITLED TO RECOVER AN AMOUNT THAT WILL FAIRLY COMPENSATE HIM FOR ANY DAMAGES HE HAS SUFFERED TO DATE.

### B.    CALCULATION OF FUTURE DAMAGES

IF YOU FIND THAT THE PLAINTIFF IS REASONABLY CERTAIN TO SUFFER DAMAGES IN THE FUTURE FROM HIS INJURIES, THEN YOU SHOULD AWARD HIM THE AMOUNT YOU BELIEVE WOULD FAIRLY COMPENSATE HIM FOR SUCH FUTURE DAMAGES.

### C.    REDUCTION OF FUTURE DAMAGES TO PRESENT VALUE

AN AWARD OF FUTURE DAMAGES NECESSARILY REQUIRES THAT PAYMENT BE MADE NOW FOR A LOSS THAT PLAINTIFF WILL NOT ACTUALLY SUFFER UNTIL SOME FUTURE DATE.  IF YOU SHOULD FIND THAT THE PLAINTIFF IS ENTITLED TO FUTURE DAMAGES, INCLUDING FUTURE EARNINGS, THEN YOU MUST DETERMINE THE PRESENT WORTH IN DOLLARS OF SUCH FUTURE DAMAGES.

IF YOU AWARD DAMAGES FOR LOSS OF FUTURE EARNINGS, YOU MUST CONSIDER TWO PARTICULAR FACTORS:

1.    YOU SHOULD REDUCE ANY AWARD BY THE AMOUNT OF THE EXPENSES THAT THE PLAINTIFF WOULD HAVE INCURRED IN MAKING THOSE EARNINGS.

2.    IF YOU MAKE AN AWARD FOR FUTURE LOSS OF EARNINGS, YOU MUST REDUCE IT TO PRESENT VALUE BY CONSIDERING THE INTEREST THAT THE PLAINTIFF COULD EARN ON THE AMOUNT OF THE AWARD IF HE MADE A RELATIVELY RISK-FREE INVESTMENT.   THE REASON WHY YOU MUST MAKE THIS REDUCTION IS BECAUSE AN AWARD OF AN AMOUNT REPRESENTING FUTURE LOSS OF EARNINGS IS MORE VALUABLE TO THE PLAINTIFF IF HE RECEIVES IT TODAY THAN IF HE RECEIVED IT IN THE FUTURE, WHEN HE WOULD OTHERWISE HAVE EARNED IT.  IT IS MORE VALUABLE BECAUSE THE PLAINTIFF CAN EARN INTEREST ON IT FOR THE PERIOD OF TIME BETWEEN THE DATE OF THE AWARD AND THE DATE HE WOULD HAVE EARNED THE MONEY.  THUS YOU SHOULD ADJUST THE AMOUNT OF ANY AWARD FOR FUTURE LOSS OF EARNINGS BY THE AMOUNT OF INTEREST THAT THE PLAINTIFF CAN EARN ON THAT AMOUNT IN THE FUTURE.

IF YOU MAKE ANY AWARD FOR FUTURE MEDICAL EXPENSES, YOU SHOULD ADJUST OR DISCOUNT THE AWARD TO PRESENT VALUE IN THE SAME MANNER AS WITH LOSS OF FUTURE EARNINGS.

HOWEVER, YOU MUST NOT MAKE ANY ADJUSTMENT TO PRESENT VALUE FOR ANY DAMAGES YOU MAY AWARD FOR FUTURE PAIN AND SUFFERING OR FUTURE MENTAL ANGUISH.

43

## INJURY/PAIN/DISABILITY/DISFIGUREMENT/LOSS OF

## CAPACITY FOR ENJOYMENT OF LIFE

YOU MAY AWARD DAMAGES FOR ANY BODILY INJURY THAT THE PLAINTIFF SUSTAINED AND ANY PAIN AND SUFFERING, [DISABILITY], [DISFIGUREMENT], [MENTAL ANGUISH], [AND/OR], [LOSS OF CAPACITY FOR ENJOYMENT OF LIFE] THAT THE PLAINTIFF EXPERIENCED IN THE PAST [OR WILL EXPERIENCE INT HE FUTURE] AS A RESULT OF THE BODILY INJURY. NO EVIDENCE OF THE VALUE OF INTANGIBLE THINGS, SUCH AS MENTAL OR PHYSICAL PAIN AND SUFFERING, HAS BEEN OR NEED BE INTRODUCED. YOU ARE NOT TRYING TO DETERMINE VALUE, BUT AN AMOUNT THAT WILL FAIRLY COMPENSATE THE PLAINTIFF FOR THE DAMAGES HE HAS SUFFERED. THERE IS NO EXACT STANDARD FOR FIXING THE COMPENSATION TO BE AWARDED FOR THESE ELEMENTS OF DAMAGE. ANY AWARD THAT YOU MAKE SHOULD BE FAIR IN THE LIGHT OF THE EVIDENCE.

# MEDICAL EXPENSES

## A.      FOR MAJOR PLAINTIFF

THE REASONABLE [VALUE] [EXPENSE] OF [HOSPITALIZATION AND] MEDICAL [AND NURSING] CARE AND TREATMENT THAT THE PLAINTIFF WILL REQUIRE BECAUSE OF HIS INJURIES WHICH WERE CAUSED BY THE DEFENDANT'S WRONGFUL CONDUCT.

## B.      FOR PLAINTIFF'S MINOR CHILD

THE REASONABLE [VALUE] [EXPENSE] OF [HOSPITALIZATION AND] MEDICAL [AND NURSING] CARE AND TREATMENT THAT THE PLAINTIFF [REASONABLY OBTAINED FOR HIS CHILD INT HE PAST] [WILL OBTAIN FOR HIS CHILD IN THE FUTURE] UNTIL THE CHILD REACHES THE AGE OF MAJORITY.

## C.      FOR MINOR PLAINTIFF (AFTER MAJORITY)

THE REASONABLE [VALUE] [EXPENSE] OF [HOSPITALIZATION AND] MEDICAL [AND NURSING] CARE AND TREATMENT THAT THE MINOR PLAINTIFF REASONABLY WILL REQUIRE AFTER HE REACHES THE AGE OF MAJORITY.

# PROPOSED INTERROGATORIES

## INTERROGATORY NO. 1:

DID THE NEGLIGENCE, IF ANY, OF THOSE NAMED BELOW PROXIMATELY CAUSE THE OCCURRENCE IN QUESTION?

ANSWER **"YES"** OR **"NO"** FOR EACH OF THE FOLLOWING:

A.    **CITY OF BROWNSVILLE**              _____

B.    **RAYMUNDO SALINAS, JR.**           _____

C.    **PEDRO COVARRUBIAS, JR.**          _____

IF, IN ANSWER TO **INTERROGATORY NO. 1**, YOU HAVE FOUND THAT THE NEGLIGENCE OF MORE THAN ONE OF THE NAMED BELOW PROXIMATELY CAUSED THE OCCURRENCE, THEN ANSWER **INTERROGATORY NO. 2**. OTHERWISE, DO NOT ANSWER **INTERROGATORY NO. 2**.

IF, IN ANSWER TO **INTERROGATORY NO. 1,** YOU HAVE FOUND THAT THE NEGLIGENCE OF MORE THAN ONE OF THE NAMED BELOW PROXIMATELY CAUSED THE OCCURRENCE, THEN ANSWER **INTERROGATORY NO. 2.** OTHERWISE, DO NOT ANSWER **INTERROGATORY NO. 2.**

## <u>INTERROGATORY NO. 2</u>:

WHAT PERCENTAGE OF THE NEGLIGENCE THAT CAUSED THE OCCURRENCE DO YOU FIND TO BE ATTRIBUTABLE TO EACH OF THOSE LISTED BELOW AND FOUND BY YOU, IN YOUR ANSWER TO **INTERROGATORY NO. 1,** TO HAVE BEEN NEGLIGENT?

THE PERCENTAGES YOU FIND MUST TOTAL 100 PERCENT. THE NEGLIGENCE ATTRIBUTABLE TO A PERSON NAMED BELOW IS NOT NECESSARILY MEASURED BY THE NUMBER OF ACTS OR OMISSIONS FOUND. THE PERCENTAGE ATTRIBUTABLE TO A PERSON NEED NOT BE THE SAME PERCENTAGE ATTRIBUTED TO THAT PERSON IN ANSWERING ANOTHER QUESTION.

A.    **CITY OF BROWNSVILLE**          _____%

B.    **RAYMUNDO SALINAS, JR.**          _____%

C.    **PEDRO COVARRUBIAS, JR.**          _____%

**TOTAL:**                          **100%**

47

## <u>INTERROGATORY NO. 3</u>:

ON THE OCCASION IN QUESTION WAS **RAYMUNDO SALINAS, JR.** AN EMPLOYEE OF THE **CITY OF BROWNSVILLE**?

Answer **"Yes"** or **"No"**.

**ANSWER:**      _____

48

# INTERROGATORY NO. 4:

ON THE OCCASION IN QUESTION WAS **RAYMUNDO SALINAS, JR.** ACTING IN THE SCOPE OF HIS EMPLOYMENT?

AN EMPLOYEE IS ACTING IN THE SCOPE OF HIS EMPLOYMENT IF HE IS ACTING IN THE FURTHERANCE OF THE BUSINESS OF HIS EMPLOYER.

Answer **"Yes"** or **"No"**.

**ANSWER:** _____

49

**INTERROGATORY NO. 5**

WHAT SUM OF MONEY, IF PAID NOW IN CASH, WOULD FAIRLY AND REASONABLY COMPENSATE **PEDRO COVARRUBIAS, JR.** FOR HIS INJURIES, IF ANY, THAT RESULTED FROM THE OCCURRENCE IN QUESTION?

CONSIDER THE ELEMENTS OF DAMAGES LISTED BELOW AND NONE OTHER. CONSIDER EACH ELEMENT SEPARATELY. DO NOT INCLUDE DAMAGES FOR ONE ELEMENT IN ANY OTHER ELEMENT. DO NOT INCLUDE INTEREST ON ANY AMOUNT OF DAMAGES YOU FIND.

ELEMENT A.  PAST PAIN, SUFFERING AND MENTAL ANGUISH         $_____

ELEMENT B.  FUTURE PAIN, SUFFERING AND MENTAL ANGUISH       $_____

ELEMENT C.  PHYSICAL DISFIGUREMENT                          $_____

ELEMENT D.  PAST MEDICAL BILLS                              $_____

ELEMENT E.  FUTURE MEDICAL BILLS                            $_____

ELEMENT F.  PAST PHYSICAL IMPAIRMENT                        $_____

ELEMENT G. FUTURE PHYSICAL IMPAIRMENT                       $_____

50

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| | |
|---|---|
| **Pedro Covarrubias, Jr.**<br><br>**Vs.**<br><br>**City of Brownsville, and Raymundo Salinas, Jr., City of Brownsville Police Officer, Individually and in His Official Capacity** | CASE NO.    B-96-195 |
| | **Exhibit List** |
| Judge Hilda G. Tagle | Case Manager: Stella Cavasos<br>Court Reporter: Breck Record |
| List of<br>**PLAINTIFF** | Proceeding                Date |

| No. | Description | Adm. | Exd. |
|---|---|---|---|
| 1. | Medical records from AMI Brownsville Medical Center | | |
| 2. | Medical bills from AMI Brownsville Medical Center | | |
| 3. | Medical records from Khalid Soleja, M.D. | | |
| 4. | Medical bills from Khalid Soleja, M.D. | | |
| 5. | Medical records from Brownsville Emergency Medical Services | | |
| 6. | Résumé of Robert L. Nixon | | |
| 7. | Written report from Robert L. Nixon (07/25/95) | | |
| 8. | Affidavit of Robert L. Nixon (10/21/96) | | |
| 9. | Report of Jose Solis (9/29/95) | | |
| 10. | Résumé of Dean L. Davidson, B.S.M.E., P.E. | | |
| 11. | Complete file from Dean L. Davidson (RE: Pedro Covarrubias, Jr.) | | |
| 12. | Written Report from Dean L. Davidson (5/15/96) | | |
| 13. | Written Report from Dean L. Davidson (7/31/96) | | |
| 14. | Photographs of Pedro Covarrubias, Jr. (RE: Injuries) | | |
| 15. | Photographs of BPD police unit (D-14) | | |
| 16. | Photographs of BPD police unit (D-47) | | |
| 17. | Laser Photographs of Pedro Covarrubias, Jr. (RE: Injuries) (Enlarged prints) | | |

| No. | Description | Adm. | Exd. |
|-----|-------------|------|------|
| 18. | Laser photographs of BPD police unit (D-14) (Enlarged prints) | | |
| 19. | Transcript of the Deposition of Pedro Covarrubias, Jr. (January 13, 1995) with Exhibits | | |
| 20 | Transcript of the Deposition of Sandra Covarrubias (January 13, 1995) | | |
| 21. | Transcript of the Videotaped Deposition of Michael Terry Walker (January 13, 1995) | | |
| 22. | Transcript of the Deposition of Officer Raymundo Salinas, Jr. (April 17, 1995) with Exhibits | | |
| 23. | Transcript of the Deposition of Sergeant Ramiro Rodriguez (April 17, 1995) with Exhibits | | |
| 24. | Transcript of the Deposition of Officer Reynaldo Ybarra (April 17, 1995) with Exhibits | | |
| 25. | Transcript of the Deposition of Esequiel Roque (June 12, 1995) | | |
| 26. | Transcript of the Deposition of Dr. Khalid Soleja (February 23, 1996) | | |
| 27. | Copy of Video Deposition of Dean L. Davidson taken on June 7, 1996 with attached exhibits | | |
| 28. | Copy of Oral Deposition of Luciano Mares (June 10, 1996) | | |
| 29. | Copy of Deposition of James Zeigler, Ph.D. (June 14, 1996) | | |
| 30. | Transcript of the Videotaped Deposition of Robert Lee Nixon (September 25, 1996) | | |
| 31. | Videotape of Dean L. Davidson (Tape 1 of 2 Original) and Videotape of Dean L. Davidson (Tape 2 of 2 Original) | | |
| 32. | Offense report dated 10/18/92 prepared by Officer Ray Salinas | | |
| 33. | Booking report dated 10/18/92 | | |
| 34. | Police supplemental report dated 10/29/92 prepared by Officer Reid Heilman | | |
| 35. | Offense/incident report dated 10/18/92 prepared by Officer R. Salinas | | |
| 36. | Inter-Departmental Communication dated 10/18/92 prepared by Officer Ray Salinas, Jr. | | |
| 37. | Inter-Departmental Communication dated 10/18/92 prepared by Officer Reynaldo Ybarra, Jr. | | |
| 38. | Inter-Departmental Communication dated 10/18/92 prepared by Sgt. Ramiro Rodriguez | | |
| 39. | Inter-Departmental Memo from Charles Cabler to Victor Rodriguez dated 10/17/92 | | |

CutePDF - www.fastio.com

| No. | Description | Adm. | Exd. |
|---|---|---|---|
| 40. | BPD Rules & Regulations, old ones & June, 1993 | | |
| 41. | BPD Personal History & Arrest Record, 10/18/92, Pedro Covarrubias | | |
| 42. | Brownsville Police Department Dispatch Log for 10/17/92 - 10/18/92 | | |
| 43. | Brownsville Police Department Dispatch Record, EMS 10/18/92 | | |
| 44. | Brownsville Police Department Mug Shots (Booking Photographs of Plaintiff, 10/18/92 | | |
| 45. | Police Officer training records and evaluation reports of Ray Salinas, Jr. | | |
| 46. | Brownsville Police Department vehicle maintenance & repairs records on the police vehicle the subject of this suit | | |
| 47. | Tipotex Chevrolet invoice and work order regarding inspection of subject police vehicle | | |
| 48. | Police units D-14, D-18 & D-47 Maintenance Records & Summary Listing of Invoices/Work Orders for June 1992 - September 30, 1995 | | |
| 49. | Brownsville Police Department Crime in Brownsville statistical report | | |
| 50. | City of Brownsville Supervisor's Accident/Loss Investigation Report (October 18, 1992) | | |
| 51. | Brownsville Police Department Counseling Record, Ray Salinas, Jr., (October 26, 1992) | | |
| 52. | Notice of Claim (03/09/93) | | |

# UNITED STATES DISTRICT COURT ☆ SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **Pedro Covarrubias, Jr.**<br><br>*vs.* - - - - - - - -<br><br>**City of Brownsville, and Raymundo Salinas, Jr., City of Brownsville Police Officer Individually and In His Official Capacity** | Civil Action No. 96-195 |
| | **Witness List** |
| Judge Hilda G. Tagle | Case Manager: Stella Cavasos<br>Court Reporter: Breck Record |
| List of<br>**PLAINTIFF** | Proceeding          Date |

1.    Pedro Covarrubias, Jr. (FACT WITNESS)
      14 Sylvia Street
      Brownsville, Texas 78520
      (956) 546-4010

      Mr. Covarrubias has personal knowledge of and is expected to testify as to the events surrounding the October 17, 1992 incident made the basis of this lawsuit. He will also testify as to the injuries and damages which he sustained as a result of Defendants' actions or inactions on October 17, 1992, including the emotional distress and/or mental anguish he has experienced and will continue to experience in the future. Mr. Covarrubias also has personal knowledge of and is expected to testify as to the official oppression, police misconduct, and/or physical mistreatment exercised by the police officers employed by Defendant CITY OF BROWNSVILLE, including, Defendant Raymundo Salinas, Jr.. Mr. Covarrubias also has personal knowledge of and is expected to testify as to the medical care, medical treatment, and/or professional services rendered to him as a result of the injuries he sustained on October 17, 1992. Mr. Covarrubias also has knowledge of the amount of medical charges and/or expenses he incurred due such treatment. Additionally, he will testify as to the subject matter addressed in his deposition taken on January 13, 1995 in this case.

2.    Sandra De León Covarrubias (FACT WITNESS)
      14 Sylvia Street
      Brownsville, Texas 78520
      (956) 546-4010

Sandra is Pedro's wife. She has knowledge of the fact that Pedro sustained certain injuries and damages as a result of Defendants' actions or inactions on October 17, 1992. She also has knowledge of the fact that her husband received medical care, medical treatment and/or professional services due to said injuries. Sandra also has knowledge of the mental anguish and worry that Pedro has suffered because of the injuries and/or burns to his right thigh. Additionally, she has knowledge of the damage that the incident in question has caused to their marital and/or sexual relations. (NOTE: Sandra's deposition was taken on January 13, 1995 and said deposition testimony is incorporated herein as if fully copies and set forth at length.)

3. Pedro Covarrubias, Sr.
   2835 Impala
   Brownsville, Texas 78520
   (956) 542-1936

   Mr. Covarrubias is Pedro's father. He has knowledge of the incident made the basis of this lawsuit and as well as the injuries and damages sustained by Pedro due to Defendants' negligence. He also has knowledge of the extent of his son's injuries and the medical care, and/or treatment he received.

4. Maria Antonia Covarrubias
   2835 Impala
   Brownsville, Texas 78520
   (956) 542-1936

   Mrs. Covarrubias is Pedro's mother. She has knowledge of the incident made the basis of this lawsuit and as well as the injuries and damages sustained by Pedro due to Defendants' negligence. She also has knowledge of the extent of her son's injuries and the medical care and/or treatment he received.

5. Ezequiel Roque (FACT WITNESS)
   5600 Bates
   Brownsville, Texas 78521
   (956) 501-8858

   Mr. Roque has knowledge of the events surrounding the October 17, 1992 incident made the basis of this civil action. He is expected to testify as to his knowledge of said incident as well as Mr. Covarrubias's injuries and damages sustained due to Defendants' negligence. He may further testify as to official oppression, police misconduct, and physical mistreatment made by police officers employed with the Brownsville Police Department. (NOTE: Mr. Roque's deposition was taken on June 12, 1995 and said deposition testimony is incorporated herein as if fully copied and set forth at length).

6.      Michael Terry Walker (FACT WITNESS)
        301 Rancho Viejo Blvd.
        Brownsville, Texas  78521
        (956) 838-5662

        Mr. Walker has knowledge of the events surrounding the October 17, 1992 incident made
        the basis of this civil action.  He is expected to testify as to his knowledge of said incident
        as well as Mr. Covarrubias' injuries and damages due to Defendants' negligence.  He may
        further testify as to official oppression, police misconduct, and physical mistreatment made
        by police officers employed with the Brownsville Police Department.  (NOTE:  Mr.
        Walker's deposition was taken on January 13, 1995 and said deposition testimony is
        incorporated herein as if fully copied and set forth at length.)

7.      Guadalupe Rocha, III, former jailer at BPD
        1237 Lincoln Street
        Brownsville, Texas  78520
        Telephone No. Unknown
                or
        Brownsville Fire Department
        1000 East Adams Street
        Brownsville, Texas  78520
        (956) 546-3195

        He may testify to Plaintiff's injuries and damages made the basis of this lawsuit.  He may
        further testify to any and all mistreatments rendered to Plaintiff while detained by the
        Brownsville Police Department.  He may further testify to police misconduct and police
        brutality, as well as improper behavior made by police officers with the Brownsville Police
        Department.

8.      Javier Jaime Cavazos, (former jailer)
        1763 Standford
        Brownsville, Texas  78520
        Telephone No. Unknown

        He may testify to Plaintiff's injuries and damages made the basis of this lawsuit.  He may
        further testify to any and all mistreatments rendered to Plaintiff while detained by the
        Brownsville Police Department.  He may further testify to police misconduct and police
        brutality, as well as improper behavior made by police officers with the Brownsville Police
        Department.

9.      Maria Magdalena Cortez, (former jailer)
        5224 Terence Circle
        Brownsville, Texas  78520
        Telephone No. Unknown

        She may testify to Plaintiff's injuries and damages made the basis of this lawsuit.  She may
        further testify to any and all mistreatments rendered to Plaintiff while detained by the

3

Brownsville Police Department. He may further testify to police misconduct and police brutality, as well as improper behavior made by police officers with the Brownsville Police Department.

10.    Jose Solis (FACT AND/OR EXPERT WITNESS)
J. Solis Auto Service
207 Paredes Line Road
Brownsville, Texas 78520
(956) 546-0103

Mr. Solis has knowledge of and is expected to testify as to the expert opinions which he has formulated in regard to this case, his investigation, and findings of the inspection and testings that he performed on the police unit D-47-92 at the Brownsville Police Department. He has knowledge of and is also expected to testify as to the contents of his written report dated September 29, 1995. Mr. Solis is also expected to testify as to his experience in the automobile inspection and repair business.

11.    Dean L. Davidson, B.S.M.E., P.E. (FACT AND/OR EXPERT WITNESS)
TNM Engineering and Accident Reconstruction
124 W. Castellano, Suite 116
El Paso, Texas 79912
(915) 533-4041

Mr. Davidson was retained by Plaintiff as a testifying expert witness in this case. He is a registered professional engineer and accredited traffic accident reconstructionist. His edcutation and work experience is contained in his resume. Mr. Davidson is expected to testify to his mental impressions, expert opinions, investigation and findings of the inspection that took place on April 19, 1996 of the alleged police unit (Delta 14) at the Brownsville Police Department parking lot. He also has knowledge of the contents of his written reports dated May 15, 1996 and July 31, 1995, and is expected as to same. He is also expected to testify as to the temperature measurement testings that he performed on a 1995 Toyota Corolla 4 door, and a 1991 Caprice and as to his mental impressions, expert opinions and findings of said testings. (NOTE: Mr. Davidson's deposition was taken on June 7, 1996 in regard to this case. His deposition testimony is incorporated herein by reference the same as if fully copied and set forth at length.).

12.    Mr. Robert L. Nixon (FACT AND/OR EXPERT WITNESS)
P.O. Box 3404
113-B Georgia Ruth
South Padre Island, Texas 78597
Home: (956) 761-6634
Mobile: (956) 551-3240

Mr. Nixon was retained by Plaintiff as a testify expert witness in this case. He is a retired

Special Agent of the Federal Bureau of Investigation (FBI). He received specialized training at the FBI Academy in several areas. His education and work experience is outlined in his resume. Mr. Nixon has knowledge of and is expected to testify as to his investigation and findings of the October 17, 1992 incident made the basis of this civil action. Mr. Nixon has knowledge of the contents of his written report dated July 25, 1995, and is expected as to same. He also expected to testify as to any and all detainment procedures and methods of irregular and improper detainment in allowing ants to continue to bite an arrestee and to allow the police unit's floor board to cause irreparable scar injuries to an arrestee who is in continuous pain during the full detainment process. He is also expected to testify as to whether or not it was proper or improper for a police officer to ignore the complaints of an arrestee being burned by the police unit's floor board when being transported to the city jail. Mr. Nixon is further expected to testify that Defendant Reynaldo Salinas, Jr. was negligent and grossly negligent on the occasion in question. Mr. Nixon's mental impressions and expert opinions are contained in his written report as well as in his deposition. (NOTE: Mr. Nixon's deposition was taken on September 25, 1996 in regard to this case. His deposition testimony is incorporated herein by reference the same as if fully copied and set forth at length.).

13.    Luciano Mares, Registered Nurse (FACT WITNESSES)
       Louie Abanilla, Registered Nurse
       Brownsville Medical Center
       1040 West Jefferson Street
       Brownsville, Texas  78520
       (956) 544-1400

They may testify to any and all nursing care, medical treatment and/or medical examinations rendered to Plaintiff Pedro Covarrubias, Jr., on October 18, 1992, and as to Plaintiff's medical condition upon his arrival at Brownsville Medical Center. They may further testify to any knowledge they may have of the incident made the basis of this lawsuit.

14.    Dara Batki, M.D. (FACT AND/OR EXPERT WITNESS)
       Ft. Duncan Medical Center
       350 South Adams
       Eagle Pass, Texas  78852
       (210) 773-5321

Dr. Batki was the emergency room physician at Brownsville Medical Center on October 18, 1992 at the time Mr. Covarrubias was taken there by the Brownsville police. Dr. Batki rendered emergency room care and/or treatment to Mr. Covarrubias on said date. He has knowledge of and is expected to testify as to Mr. Covarrubias' injuries, diagnosis of said injuries, and prognosis of his injuries. He also has knowledge of the past medical charges incurred by Mr. Covarrubias as a result the emergency room treatment he received. Dr. Batki also has knowledge of the physical impairment and/or disfigurement he suffered as a result his first and second degree burns to Mr. Covarrubias' right thigh

5

CHPDF - www.fazbo.com

15.   Delma Longoria, RRA
      Custodian of Medical Records/
      Director of Health Information
      Brownsville Medical Center
      1040 West Jefferson Street
      Brownsville, Texas 78520
      (956) 544-1400

      She is the custodian of medical records of Brownsville Medical Center and may testify that
      the records of Pedro Covarrubias, Jr. are kept by Brownsville Medical Center in the
      regular course of business, and it was in the regular course of business of Brownsville
      Medical Center for an employee or representative of Brownsville Medical Center with
      knowledge of the act, event, condition, opinion, or diagnosis recorded to make the record
      or to transmit information thereof to be included in such record, and the record was made
      at or near the time or reasonably soon thereafter and that the medical records of
      Brownsville Medical Center pertaining to Pedro Covarrubias, Jr. already produced to
      Defendants are originals or exact duplicates of the original.

16.   Khalid R. Soleja, M.D. (FACT AND/OR EXPERT WITNESS)
      Plastic Surgery Center
      109 E. Price Road
      Brownsville, Texas 78520
      (956) 546-5237

      Dr. Soleja is a medical doctor who specializes in plastic and reconstructive surgery. Mr.
      Covarrubias consulted with Dr. Soleja on two(2) occasions, and he (i.e. Dr. Soleja) is
      expected to testify as to Mr. Covarrubias' injuries, diagnosis of said injuries, and
      prognosis of said injuries. He is expected to testify as the medical charges which Mr.
      Covarrubias incurred as a result of his visits with him. Dr. Batki is also expected to testify
      as to the physical impairment and disfigurement suffered by Mr. Covarrubias as a result of
      the first and second degree burns to this right thigh. Dr. Batki is also expected to testify
      as his medical examinations or medical treatments rendered to Mr. Covarrubias as a result
      of the burns he sustained on his right leg due to Defendants' negligence made the basis of
      this lawsuit. (NOTE: Dr. Soleja's deposition was taken on February 23, 1996. His
      deposition testimony is incorporated herein as if fully copied and set forth at length.).

17.   Art Rodriguez
      c/o Brownsville Emergency Medical Services (EMS)
      1325 Ringgold Street
      Brownsville, Texas 78520
      (956) 541-9491

      He may testify to Plaintiff's medical condition upon his arrival at the Brownsville Police
      Department. He may further testify to Plaintiff's prognosis and diagnosis and any and all
      emergency medical treatments or examinations rendered to Plaintiff on or about October
      18, 1992 as a result of the burns he sustained on his right leg due to Defendants'
      negligence made the basis of this lawsuit.

18.   All of the Custodians of Business, Financial and/or Medical Records of the various clinics, hospitals, physicians, and health care providers which have rendered medical treatment, medical care and/or professional services to Plaintiff Pedro Covarrubias, Jr. in regard to the burns he sustained due to the October 17, 1992 incident made the basis of this lawsuit. Some of the respective names and credentials of said custodian of records are unknown to me at this time. These individuals have knowledge as to the authenticity of the records x-ray films and/or items which they have furnished in regard to Depositions By Written Questions and/or self authentication records. They further have knowledge as to the contents of the billing records, hospital records, and medical records which have been furnished to counsel.

19.   Mr. Alfonso Gonzalez, Jr.
Custodian of Financial Records/
Patient Account's Manager
AMI Brownsville Medical Center
1040 West Jefferson Street
Brownsville, Texas 78520
(956) 544-1400

He is the custodian of financial records of Brownsville Medical Center and may testify to the itemized statement of the services and the charges for the service that Brownsville Medical Center provided to Pedro Covarrubias, Jr. on October 18, 1992, and that the records of Pedro Covarrubias, Jr. are kept by Brownsville Medical Center in the regular course of business, and it was in the regular course of business of Brownsville Medical Center for an employee or representative of Brownsville Medical Center with knowledge of the act, event, condition, opinion, or diagnosis recorded to make the record or to transmit information thereof to be included in such record, and the record was made at or near the time or reasonably soon thereafter and that the financial records of Brownsville Medical Center pertaining to Pedro Covarrubias, Jr. already produced to Defendants are originals or exact duplicates of the original.

20.   Ms. Esther Garza
Custodian of Medical Records
Brownsville EMS
1325 Ringgold Street
Brownsville, Texas 78520
(956) 541-9491

She is the custodian of medical records of Brownsville Medical Center and may testify that the records of Pedro Covarrubias, Jr. are kept by Brownsville Medical Center in the regular course of business, and it was in the regular course of business of Brownsville Medical Center for an employee or representative of Brownsville Medical Center with knowledge of the act, event condition, opinion, or diagnosis recorded to make the record or to transmit information thereof to be included in such record, and the record was made at or near the time or reasonably soon thereafter and that the medical records of

7

Brownsville Medical Center pertaining to Pedro Covarrubias, Jr. already produced to Defendants are originals or exact duplicates of the original.

21.    Andres Vega, Jr.
905 Primrose
Brownsville, Texas  78521
(956) 542-3261

Mr. Vega is the former City Manager of the City of Brownsville, Texas.  He may testify as to Defendant Raymundo Salinas, Jr.'s  misconduct and any contemplated disciplinary actions and any disciplinary suspensions made against him.

22.    Melissa Dennay Morales, (Former City Secretary)
City Hall
12th Street & Market Square
Brownsville, Texas  78520
(956) 548-6047

She may testify to other incidents in which the public and/or any Brownsville citizens have filed and/or voiced complaints against Brownsville police officers' physical abuse or police brutality, and police misconduct while transporting an inmate and/or suspect in a police unit to and from the Brownsville Police Department.

23.    Carlos Rubinstein
Former City Manager of Brownsville
12th Street and Market Square
Brownsville, Texas  78520
(956) 548-6007

He may testify to any knowledge he may have of the incident made the basis of this lawsuit and as to any knowledge he may have of Defendant, Ray Salinas' misconduct and any contemplated disciplinary actions and any disciplinary suspensions made against him.

24.    Sandra Martinez
Personnel Director
City of Brownsville
12th Street & Market Square
P. O. Box 911
Brownsville, Texas  78520
(956) 548-6035

She may testify to any knowledge she may have of Defendant, Ray Salinas' misconduct and any contemplated disciplinary actions and any disciplinary suspensions made against her.

25.    Richard Arrellano Gonzalez
       Address Unknown
       Brownsville, Texas 78520

       He may testify as to official oppression, police misconduct, and physical mistreatment
       made by police officers employed with the Brownsville Police Department.

26.    Fernando Benavides (FACT WITNESS)
       104 Starcrest Drive
       Brownsville, Texas  78521
       (956) 542-3939

       Mr. Benavides is an individual who personally experienced mistreatment at the hands of
       the Brownsville Police Department police officers.  He may testify as to official
       oppression, police misconduct, and physical mistreatment made by police officers
       employed with the Brownsville Police Department.

27.    Alex Benitez (FACT WITNESS)
       710 East St. Francis
       Brownsville, Texas  78520
       (956) 546-4881

       He may testify as to official oppression, police misconduct, and physical mistreatment
       made by police officers employed with the Brownsville Police Department.

28.    Oscar Sanchez (FACT WITNESS)
       8364 Montana
       Brownsville, Texas  78520
       (956) 831-5080

       He may testify as to official oppression, police misconduct, and physical mistreatment
       made by police officers employed with the Brownsville Police Department.

29.    Antonia Sanchez (Oscar Sanchez' mother)
       8364 Montana
       Brownsville, Texas  78520
       (956) 831-5080

       She may testify as to official oppression, police misconduct, and physical mistreatment
       made by police officers employed with the Brownsville Police Department.

9

30.   Luis Rodriguez Perez (FACT WITNESS)
      1114 East Ringgold
      Brownsville, Texas  78520
      (956) 542-3939

      He may testify as to official oppression, police misconduct, and physical mistreatment
      made by police officers employed with the Brownsville Police Department.

31.   Juan Garcia (FACT WITNESS)
      2614 Columbus Drive
      Brownsville, Texas  78520
      Telephone No. Unknown

      He may testify as to official oppression, police misconduct, and physical mistreatment
      made by police officers employed with the Brownsville Police Department.

32.   Eduardo Garcia (FACT WITNESS)
      2614 Columbus Drive
      Brownsville, Texas  78520
      Telephone No. Unknown

      He may testify as to official oppression, police misconduct, and physical mistreatment
      made by police officers employed with the Brownsville Police Department.

33.   Douglas Torvick
      Seagull Trailer Park #3
      Paredes Line Road
      Brownsville, Texas  78520
      Telephone No. Unknown

      He may testify as to official oppression, police misconduct, and physical mistreatment
      made by police officers employed with the Brownsville Police Department.

34.   Daniel Gonzalez, Jr.
      205 A. Glenbrook Drive
      Brownsville, Texas  78521
      Telephone No. Unknown

      He may testify to police misconduct and police brutality, as well as improper behavior
      made police officers with the Brownsville Police Department.

35.    Martha Gonzalez (Daniel Gonzalez's mom)
       205 A. Glenbrook Drive
       Brownsville, Texas 78521
       Telephone No. Unknown

       She may testify as to her son's mistreatment and brutally behavior made by the police
       officers with the Brownsville Police Department. She may further testify to police officers'
       improper behavior.

36.    Victor Rodriguez (former Brownsville Chief of Police)
       209 W. 14th Street, Suite 500
       P.O. Box 13401
       Capital Station
       Austin, Texas 78711
       (512) 463-1679

       Mr. Rodriguez is the former Chief of Police of the CITY OF BROWNSVILLE. He has
       knowledge of the procedures followed by a Brownsville Police Officer and/or the
       Brownsville Police Department when handling and transporting a prisoner and/or inmate
       to and from the Brownsville Police Department.

37.    Ben Reyna (Chief of Police)
       c/o Brownsville Police Department
       600 East Jackson Street
       Brownsville, Texas 78520
       (956) 548-7000

       Mr. Reyna is the current Chief of Police of the CITY OF BROWNSVILLE and/or
       BROWNSVILLE POLICE DEPARTMENT. He has knowledge of the procedures
       followed by a Brownsville Police Officer and/or the Brownsville Police Department when
       handling and transporting an arrestee and/or inmate to and from the Brownsville Police
       Department.

38.    Roberto Zepeda, (former police officer)
       United States Customs
       1500 E. Elizabeth, Room 214
       Brownsville, Texas 78520
       (956) 548-2590

       He may testify to the procedures followed by a Brownsville Police Officer and/or the
       Brownsville Police Department when handling and transporting an arrestee and/or inmate
       to and from the Brownsville Police Department.

11

38.     Commander Charlie Cabler
        c/o Brownsville Police Department
        600 East Jackson Street
        Brownsville, Texas 78520
        (956) 548-7000

        Commander Cabler has knowledge of the contents of the Brownsville Police Department
        Inter-Departmental Memo dated October 17, 1992 which he prepared in regard to the
        incident made the basis of this lawsuit. He may also have knowledge of the contents of
        other Brownsville Police Department Inter-Departmental Communications memorandums
        and/or reports made in regard to the subject incident.

39.     Angel Gomez
        c/o Brownsville Police Department
        600 East Jackson Street
        Brownsville, Texas 78520
        (956) 548-7000

        He may testify to any knowledge he may have of the alleged incident in question and as to
        his investigation and findings of said incident.

40.     Detective Rey Pineda
        c/o Brownsville Police Department
        600 East Jackson Street
        Brownsville, Texas 78520
        (956) 548-7000

        He may testify to any knowledge he may have of the alleged incident in question and as to
        his investigation and findings of said incident.

41.     Pascual Rodriguez, Jr. (FACT WITNESS)
        Tipotex Chevrolet-Geo-Dainhatsu, Inc.
        1600 N. Expressway 77
        Brownsville, Texas 78520
        (956) 983-1875

        Mr. Rodriguez may testify as to any and all mechanical repairs made to the Delta 14 police
        unit. This is the police unit which was driven by Defendant Raymundo Salinas, Jr. on the
        evening of October 17, 1992, and the same unit in which Mr. Covarrubias was placed on
        the floorboard.

42.    Franklin T. Graham
       Director, Civil Service Commission
       City of Brownsville
       12th Street & Market Square
       P. O. Box 911
       Brownsville, Texas  78520
       (956) 548-6035

       He may testify to any knowledge he may have of Defendant Ray Salinas' misconduct and
       any contemplated disciplinary actions and any disciplinary suspensions made against him.

43.    James Ziegler, Ph.D. (Defendant's engineer expert)
       Eight Greenway Plaza, Suite 500
       Houston, Texas  77049
       (713) 621-3550

       He will testify to his examination of the police unit in question and his findings and
       opinions.   He may further testify to the maintenance and upkeep of the police units of the
       City of Brownsville.

44.    United Medical Center
       South Main
       Del Rio, Texas
       (210) 774-5534

       Larry Farrar
45.    Brownsville Police Department Fleet Maintenance Officer
       600 East Jackson Street
       Brownsville, Texas  78520
       (956) 548-7000

       He may testify to the maintenance and upkeep of the police units of the City of
       Brownsville.  Mr. Farrar maintains records of maintenance and repairs of Brownsville
       Police Department's vehicles.

13

46.     Custodian of Records, Precision Tune
        2916 Boca Chica Blvd.
        Brownsville, Texas 78521
        (956) 541-3444

        The Custodian of Records (whose exact identity is unknown at this time) has knowledge
        as to the authenticity of the records of maintenance and repairs of the Brownsville police
        unit driven by Defendant Raymundo Salinas, Jr. on the evening of October 17, 1992 and
        which was involved in the incident made the basis of this lawsuit.

47.     Custodian of Records, Firestone
        1054 F.M. 802
        Brownsville, Texas 78521
        (956) 541-5556

        The Custodian of Records (whose exact identity is unknown at this time) has knowledge
        as to the authenticity of the records of maintenance and repairs of the Brownsville police
        unit driven by Defendant Raymundo Salinas, Jr. on the evening of October 17, 1992 and
        which was involved in the incident made the basis of this lawsuit.

48.     Sgt. Herschel Price
        c/o Brownsville Police Department
        600 East Jackson Street
        Brownsville, Texas 78520
        (956) 548-7000

        He may testify to any knowledge he may have of the incident made the basis of this
        lawsuit.

49.     Terry Vinson
        101 East Resaca Drive
        Los Fresnos, Texas 78566
        (956) 233-6650

        Mr. Vinson is a former Deputy Sheriff employed by the Cameron County Sheriff's
        Department. He is familiar with the training received by law enforcement officials in the
        Cameron County, Texas area. He may testify as to any knowledge he may have of the
        incident made the basis of this lawsuit.

14

50.     Chief John Swan (Chief of Police)
        110 W. Hickman Avenue
        Port Isabel, Texas 78578
        (956) 943-2283

        He may testify to any knowledge he may have of the incident made the basis of this
        lawsuit.


51.     Raymundo Salinas, Jr., (Defendant)
        45 El Valle Drive (Last Known Address)
        Brownsville, Texas  78520
        (956) 548-7000

        Mr. Salinas is a Defendant in this civil action.  He was a police officer employed by the
        City of Brownsville who was on duty on the evening of October 17, 1992.  He has
        knowledge of the events surrounding his arrest of Mr. Covarrubias and the fact that he
        placed Mr. Covarrubias on the floorboard in the the back seat area of his police unit.  He
        also has knowledge of the fact that Mr. Covarrubias pleaded with him to take off the fire
        ants off his back, and the fact that he ignored Mr. Covarrubias' cries for help.  Mr. Salinas
        also has knowledge of the fact that he hand-cuffed Mr. Covarrubias behind his back.  On
        another note, Mr. Salinas has knowledge of the fact that he was acting in the course and
        scope of his official duties with the City of Brownsville as a police officer on October 17,
        1992.


52.     Reynaldo Ybarra, Jr. (FACT WITNESS)
        c/o Brownsville Police Department
        600 East Jackson Street
        Brownsville, Texas  78520
        (956) 548-7000

        Mr. Ybarra is a police officer employed by the City of Brownsville who was dispatched to
        the scene of Mr. Covarrubias' disagreement with Mr. Walker on the evening of October
        17, 1992.  He has knowledge of the events surrounding the arrest of Mr. Covarrubias and
        the fact that he was placed on the floorboard in the back seat area of Mr. Salinas'  police
        unit.  He also has knowledge of the fact that Mr. Covarrubias pleaded with Mr. Salinas to
        take the fire ants off his back, and the fact that Mr. Salinas ignored Mr. Covarrubias' cries
        for help.  He also has knowledge of the contents of the Brownsville Police Department
        Inter-Departmental Communications memorandum dated October 17, 1992 which he

15

prepared in regard to the incident made the basis of this lawsuit.  He may also have knowledge of the contents of other Brownsville Police Department Inter-Departmental Communications memorandums and/or reports made in regard to the subject incident. He may testify to his knowledge of the incident made the basis of this lawsuit and as to his investigation and findings of the alleged incident.  (NOTE: Officer Ybarra's deposotion was taken on April 17, 1995.  His deposition testimony is incorporated herein as if fully copied and set forth at length.).

53.    Shift Commander Sgt. Ramiro Rodriguez (FACT WITNESS)
       c/o Brownsville Police Department
       600 East Jackson Street
       Brownsville, Texas  78520
       (956) 548-7000

       He may testify to any knowledge he may have of the incident made the basis of this lawsuit and as to his investigation and findings of the alleged incident.

54.    Officer Reid Heilman (FACT WITNESS)
       c/o Brownsville Police Department
       600 East Jackson Street
       Brownsville, Texas  78520
       (956) 548-7000

       He may testify to any knowledge he may have of the incident made the basis of this lawsuit and as to his investigation and findings of the alleged incident.

55.    Former police officer, Matthew Bennett
       (address unknown at this time)

       He may testify to any knowledge he may have of the incident made the basis of this lawsuit and as to his investigation and findings of the alleged incident.

16

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **PEDRO COVARRUBIAS, JR.** | * | |
| | * | |
| **VS.** | * | |
| | * | |
| **CITY OF BROWNSVILLE, CITY OF** | * | |
| **BROWNSVILLE POLICE DEPARTMENT,** | * | **CIVIL ACTION NO. B-96-195** |
| **VICTOR RODRIGUEZ, CITY OF** | * | |
| **BROWNSVILLE CHIEF OF POLICE,** | * | |
| **AND RAYMUNDO SALINAS, JR.,** | * | |
| **CITY OF BROWNSVILLE POLICE** | * | |
| **OFFICER, INDIVIDUALLY AND** | * | |
| **IN HIS OFFICIAL CAPACITY** | * | |

## DEFENDANT CITY OF BROWNSVILLE'S
### REQUESTED VOIR DIRE QUESTIONS

(1)     Those jurors who have stated on the juror questionnaire that they or their spouses are retired, please state your former occupation.

(2)     Do any members of the jury panel have family or close friends who used to work for the City of Brownsville?

      A.     Please state the reason your family member or close friend left their job with the City of Brownsville.

      B.     Please state how that person is currently employed.

(3)     Have any members of the panel, or their family members or close friends ever filed a complaint against a law enforcement officer?

(4)     Have any members of the panel, or their family members or close friends ever filed a complaint against, or been involved in a lawsuit against the City of Brownsville?

(5)     Do any members of the panel have any complaint against the City of Brownsville that

Feb.15. 2001  3:54PM   713 6657991 HIRSCH J                    No.4284   P. 2/9

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | |
|---|---|
| PEDRO COVARRUBIAS, JR. | * |
| | * |
| VS. | *   CIVIL ACTION NO. B-96-195 |
| | * |
| CITY OF BROWNSVILLE, | * |
| AND RAYMUNDO SALINAS, JR., | * |

## DEFENDANTS RAYMUNDO SALINAS, JR.'S
## REQUESTED *VOIR DIRE* QUESTIONS

Is there anyone acquainted with Raymundo Salinas, Jr.?

Is there anyone who thinks because this case involves an individual suing a law enforcement officer as a defendant, that the law enforcement officer must have automatically done something wrong?

Is there anyone who has, or knows someone who has had a prior encounter with a law enforcement officer where you felt the law enforcement officer's actions were unjustified?

How many of you are familiar with the Rodney King case?

Are any of you members or affiliated with a citizen's for oversight committee or any other organization which oversees or monitors the activities of police or sheriff's departments or police or sheriffs officers?

How many of you think that law enforcement officials are corrupt?

How many of you own guns?

How many of you listen Rush Limbaugh?

Have any of you read any newspaper articles or heard any television reports on police misconduct?

Respectfully submitted,

HIRSCH ROBINSON
1001 McKinney, 20th Floor
Houston, Texas 77002
Telephone: (713) 609-7900
Facsimile: (713) 658-0903

By: _____
Michael R. Ross
SBOT: 11035800
Federal ID No. 0898

ATTORNEYS FOR DEFENDANT RAYMUNDO
SALINAS, JR.

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February 2001, a true and correct copy of the above and foregoing Defendants Raymundo Salinas, Jr.'s Requested *Voir Dire* Questions was sent by certified mail, return receipt requested, to the following counsel of record:

Honorable Victor Quintanilla
LAW OFFICES OF ERNEST GAMEZ, JR., P.C.
777 E. Harrison Street
Brownsville, Texas 78520-7118

Honorable N. Mark Ralls
CHAVES, GONZALES & HOBLIT, L.L.P.
One Riverwalk Place, Suite 1800
700 N. St. Mary's Street
San Antonio, Texas 78205

_____
Michael R. Ross

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PEDRO COVARRUBIAS, JR. | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF BROWNSVILLE, CITY OF | § | CIVIL ACTION NO. B-96-195 |
| BROWNSVILLE POLICE   DEPARTMENT, | § | |
| VICTOR RODRIGUEZ, CITY OF | § | |
| BROWNSVILLE CHIEF OF POLICE, AND | § | |
| RAY SALINAS, CITY OF BROWNSVILLE | § | |
| POLICE OFFICER, INDIVIDUALLY AND | § | |
| IN HIS OFFICIAL CAPACITY | § | |

COURT'S INSTRUCTIONS TO THE JURY

MEMBERS OF THE JURY:

You have heard all of the evidence and it becomes my duty to give you the instructions of the Court concerning the law applicable to this case. After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.

It is your duty as jurors to follow the law as I shall state it to you, and to apply the law to the facts as you find them from the evidence in this case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law as stated by me. These instructions shall govern the case as to the parties.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to render a verdict upon any other view of the law than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in this case.

In deciding the facts of this case you must not be swayed by the bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in this case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community and holding the same or similar stations in life. All persons stand equal before the law and are to be dealt with as equals in a court of justice.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make decisions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give any evidence. In making that decision, you must consider all of the evidence in the light of reason, common sense, and experience.

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true and accurate. You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the testimony. In weighing the testimony of any witness you should consider his relationship to the Plaintiff or to the Defendant; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness and intelligence; and the extent to which he has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to

give the testimony of that witness such credibility or weight, of any, as you may think it deserves. The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his or her opinion concerning such matters.

You should consider any expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

The burden is on the Plaintiff in a civil action such as this to prove every essential element of his claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" just means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

The Plaintiff claims that the Defendants, City of Brownsville, City of Brownsville Police Department, Victor Rodriguez, City of Brownsville Chief of Police, and Ray Salinas, City of Brownsville Police Officer, Individually and in His Official Capacity, violated the Plaintiff's constitutional rights to be free from the use of excessive and unnecessary force during his arrest. As a result of Defendants' actions, the Plaintiff claims that he suffered injury for which he seeks damages.

Defendants City of Brownsville, City of Brownsville Police Department, Victor Rodriguez, City of Brownsville Chief of Police, and Ray Salinas, City of Brownsville Police Officer, Individually and in His Official Capacity, deny that any of their actions during the time in question violated the Plaintiff's constitutional rights. Defendants City of Brownsville, City of Brownsville Police Department, Victor Rodriguez, City of Brownsville Chief of Police, and Ray Salinas, City of Brownsville Police Officer, Individually and in His Official Capacity, claim that Officer Ray Salinas was acting in good faith and used only that amount of force to effect Plaintiff's arrest that was reasonably necessary to do so. The Defendants further claim that they were not guilty of any fault or wrongdoing in regard to the incident sued upon.

Section 1983 of Title 42 of the United States Code provides that a citizen may seek redress in this Court by way of damages against any person who, under color of state law or custom, intentionally deprives that citizen of any rights, privileges or immunities secured or protected by the Constitution or laws of the United States.

In order to prove his claim under this statute, the Plaintiff must establish by a preponderance of the evidence each of the following elements:

    (1)    the Defendants intentionally committed acts which operated to deprive the Plaintiff of a right secured by the Constitution of the United States;

    (2)    the Defendants acted under the color of the authority of the State of Texas; and

    (3)    that the Defendants' acts were the legal cause of the Plaintiff's damages.

In this case, you are instructed that Officer Ray Salinas was acting under color of state law at the time of the acts complained of. The Plaintiff alleges that Defendant Ray Salinas, City of Brownsville Police Officer, used excessive force during the course of his arrest.

United States citizens are protected against the use of excessive force by the Fourth Amendment to the Constitution. In order to prove that the Defendant used excessive force in violation of the Fourth Amendment, the Plaintiff must prove by a preponderance of the evidence:

    1.    Some harm, that

    2.    Resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was

    3.    Objectively unreasonable in light of the facts and circumstances at the time.

If the Plaintiff fails to prove any one of these elements, you must find for the Defendants.

Some of the things you may want to consider in determining whether the Defendants used excessive force are (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful purpose. Injuries which result from, for example, an officer's use of force to overcome resistance to arrest do not involve constitutionally protected interests. An officer's use of excessive force does not give constitutional protection against injuries that would have occurred absent the excessive force. The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than the 20/20 vision of hindsight. The nature of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation.

This reasonableness inquiry is an objective one: the question is whether the officer's actions

are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

If you find that the Plaintiff has proven his claim, you must then consider the Defendant's defense that he acted in good faith and thus is not liable.

Police officers are presumed to know about the clearly established, constitutional rights of citizens. Thus the Plaintiff need not prove that the Defendant acted with the specific knowledge of the Plaintiff's particular constitutional right allegedly violated.

If, after considering the scope of discretion and responsibility generally given to police officers in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time of the arrest, you find from a preponderance of the evidence that Plaintiff has proved either (1) that the Defendant was plainly incompetent or that (2) he knowingly violated the law regarding the Plaintiff's constitutional rights, you must find for the Plaintiff. If, however, you find that the Defendant had a reasonable belief that his actions did not violate the constitutional rights of the Plaintiff, then you cannot find him liable even if the Plaintiff's rights were in fact violated as a result of the Defendant's objectively reasonable action.

The Plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the Defendants was a cause-in-fact of the damage that Plaintiff suffered. An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damage. The Plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the Defendants was a proximate cause of the damage Plaintiff suffered. An act or omission is a proximate cause of the Plaintiff's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

In addition to his claims against Officer Salinas, whom the Plaintiff claims violated his constitutional rights, the Plaintiff is suing superior officials, in this case Victor Rodriguez, the chief of police. To recover against a superior official, the plaintiff must show that the chief of police had a legal duty to act to prevent the misdeeds of police officers and the chief of police failure to act amounted to gross negligence or deliberate indifference of plaintiff's rights Plaintiff claims that the City of Brownsville, a municipality, is liable for the alleged constitutional deprivations. The City may not be found liable for the deprivation of a constitutional right under the Doctrine of Respondeat Superior, i.e., that the principle or employer is liable for the wrongful acts of the agent or employee. A city is liable for the deprivation of a constitutional right if the deprivation was pursuant to a governmental custom, policy, ordinance, regulation or decision. Before you may hold the City liable for the deprivation of a constitutional right, you must find by a preponderance of the evidence a wrongful act which was officially authorized or sanctioned by the City Council of the City of Brownsville or by one of its recognized policy-making officials, which policy reflected deliberate indifference to the constitutional rights of its citizens, and which policy was the moving force behind the Plaintiff's injuries. Therefore, if you find that the Plaintiff was injured as a proximate or legal result of the City of Brownsville's policy, custom, ordinance, regulation or decision, whether made

by its lawmakers or by those officials whose edicts or acts may fairly be said to represent official policy, which policy reflected deliberate indifference to the constitutional rights of its citizens, and which policy was the moving force behind the Plaintiff's injuries, if any, the City itself will be responsible.

Under Texas law, a person commits assault if he intentionally or knowingly threatens another with imminent bodily injury. Of course, activity that would otherwise subject a person to liability in tort for assault does not constitute tortuous conduct if the person is justified in engaging in the conduct.

A peace officer is justified in using force against another when and to the degree the officer reasonably believes the force is immediately necessary to make or assist in making an arrest, or to prevent or assist in preventing escape after arrest if:

   (1)   the officer reasonably believes the arrest is lawful; and
   (2)   before using force, the officer manifests his purpose to arrest and identify himself as a peace officer, unless he reasonably believes his purpose and identity are already known by, or cannot reasonably be known to, the person to be arrested.

Reasonable belief means a belief that would be held by an ordinary and prudent man in the same circumstances as the peace officer. You must therefore consider whether Officer Ray Salinas' actions were taken in good faith.

If you find from a preponderance of the evidence that Officer Ray Salinas assaulted Plaintiff, Pedro Covarrubias, Jr., then you must consider whether the Defendant's use of force n the situation was justified under Texas law.

If you find from a preponderance of the evidence that Officer Ray Salinas had a reasonable and good faith belief that the force was justified under Texas law, then you must find in favor of the Defendant.

Plaintiff also claims that jail officials, by demonstrating deliberate indifference to his serious medical needs, violated his Eighth/Fourteenth Amendment constitutional rights. Inmates are protected from cruel and unusual punishment under the Eighth/Fourteenth Amendment of the United States Constitution. In order to prove a violation under the Eighth/Fourteenth Amendment, the Plaintiff must show that the Defendant unnecessarily and wantonly inflicted harm on him. To show that his Eighth/Fourteenth Amendment rights were violated because he received inadequate medical care, the Plaintiff must prove that Defendant exhibited deliberate indifference to his serious medical needs. In order to prove a violation under the Eighth/Fourteenth Amendment in this case, therefore, the Plaintiff must prove each of the following three elements by a preponderance of the evidence:

First: That Defendant displayed deliberate indifference to an illness or injury of the Plaintiff; Second: That the Plaintiff's illness or injury was serious; and Third: That the Plaintiff was injured as a result of the prison officials acts or omissions regarding his illness or injury.

If the Plaintiff fails to prove any of these elements, you must find for the Defendant. The first element is to be evaluated by a subjective analysis of the Defendant and his state of mind. To act "deliberately" means to act intentionally; that is, knowingly and voluntarily and not because of mistake or accident.

The second element is to be examined objectively, focusing on the specific illness or injury and the reasonably foreseeable consequences to the Plaintiff of a deprivation of care or inadequate care. That is, would a reasonable person acting under the same circumstances foresee that the conduct of the Defendant would cause the harm plaintiff claims?

The Plaintiff also claims that Defendants are liable under a Texas state law negligence cause of action. Specifically, the Plaintiff alleges that Officer Ray Salinas' conduct in placing the Plaintiff on the floorboard of the vehicle constituted negligence. The Plaintiff further alleges that this negligence proximately caused injuries to the Plaintiff. The Defendants allege that Pedro Covarrubias' conduct in continuing to kick the windows and interior of the car constituted negligence and that this negligence proximately caused his injuries.

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

If you should find for the Plaintiff and against the Defendants, then you must decide the issue of damages.

## DAMAGES

If the Plaintiff has proven his claim against the Defendants by a preponderance of the evidence, you must determine the damages to which the Plaintiff is entitled. You should not interpret the fact that I have given instructions about the Plaintiff's damages as an indication in any way that I believe that the Plaintiff should, or should not, win this case. It is your task first to decide whether any Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the Defendants are liable and that the Plaintiff is entitled to recover money from the Defendants.

If you find that the Defendants under consideration are liable to the Plaintiff, then you must determine an amount that is fair compensation for all of the Plaintiff's damages. These damages are

called compensatory damages. The purpose of compensatory damages is to make the Plaintiff whole-that is, to compensate the Plaintiff for the damage the Plaintiff has suffered. Compensatory damages are not limited to expenses that the Plaintiff may have incurred because of his injury. If the Plaintiff wins, he is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he has suffered because of the Defendants' conduct. You may award compensatory damage only for the injuries that the Plaintiff proves were caused by the Defendants' allegedly wrongful conduct. The damages that you aware must be fair compensation for all the Plaintiff's damages, nor more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendants.

You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered or that the Plaintiff is reasonably likely to suffer in the future. If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence. You should consider the following elements of damage, to the extent you find them provided by a preponderance of the evidence:

A.      Damages Accrued
If you find for the Plaintiff, he is entitled to recover an amount that will fairly compensate him for any damages he has suffered to date.

B.      Calculation of Future Damages
If you find that the Plaintiff is reasonably certain to suffer damages in the future from his injuries, then you should award him the amount you believe would fairly compensate him for such future damages.

You must not award compensatory damages more than once for the same injury. The Plaintiff is only entitled to be made whole once, and may not recover more than he has lost.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible, either in writing

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February 2001, a true and correct copy of the above and foregoing Defendant City of Brownsville's Requested Voir Dire Questions was sent by certified mail, return receipt requested, to the following counsel of record:

Honorable Victor Quintanilla
LAW OFFICES OF ERNEST GAMEZ, JR., P.C.
777 E. Harrison Street
Brownsville, Texas  78520-7118

N. MARK RALLS

or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys you question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You will now hear the closing arguments of the attorneys before your retire to the jury room to conduct your deliberations.

Respectfully submitted,

CHAVES, GONZALES &HOBLIT, L.L.P.
One Riverwalk Place, Suite 1800
700 N. St. Mary's Street
San Antonio, Texas 78205

By:_____
    N. MARK RALLS
    State Bar No. 16489200
    Federal ID No. 24392

ATTORNEYS FOR DEFENDANT
CITY OF BROWNSVILLE

Respectfully submitted,

HIRSCH ROBINSON, L.L.P.
1001 McKinney Street, 20th Floor
Houston, Texas 77002

By:_____
    MICHAEL R. ROSS
    State Bar No. 11035800
    Federal ID No. 0898

Counsel for Brownsville Police Department,
Victor Rodriguez, City of Brownsville Chief of Police, and Raymundo Salinas, Jr., City of Brownsville Police Officer,   Individually and In His Official Capacity:

Feb. 15, 2001  3:54PM    TT3 CO9T33T HIRSCH-2                          No.4204   P. 2/3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

PEDRO COVARRUBIAS, JR.                  *
                                        *
VS.                                     *        CIVIL ACTION NO. B-96-195
                                        *
CITY OF BROWNSVILLE,                    *
AND RAYMUNDO SALINAS, JR.,              *

## DEFENDANTS RAYMUNDO SALINAS, JR.'S
## REQUESTED *VOIR DIRE* QUESTIONS

Is there anyone acquainted with Raymundo Salinas, Jr.?

Is there anyone who thinks because this case involves an individual suing a law enforcement officer as a defendant, that the law enforcement officer must have automatically done something wrong?

Is there anyone who has, or knows someone who has had a prior encounter with a law enforcement officer where you felt the law enforcement officer's actions were unjustified?

How many of you are familiar with the Rodney King case?

Are any of you members or affiliated with a citizen's for oversight committee or any other organization which oversees or monitors the activities of police or sheriff's departments or police or sheriffs officers?

How many of you think that law enforcement officials are corrupt?

How many of you own guns?

How many of you listen Rush Limbaugh?

Have any of you read any newspaper articles or heard any television reports on police misconduct?

Respectfully submitted,

HIRSCH ROBINSON
1001 McKinney, 20th Floor
Houston, Texas 77002
Telephone: (713) 609-7900
Facsimile: (713) 658-0903

By: _____
Michael R. Ross
SBOT: 11035800
Federal ID No. 0898

ATTORNEYS FOR DEFENDANT RAYMUNDO
SALINAS, JR.

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February 2001, a true and correct copy of the above and foregoing Defendants Raymundo Salinas, Jr.'s Requested *Voir Dire* Questions was sent by certified mail, return receipt requested, to the following counsel of record:

Honorable Victor Quintanilla
LAW OFFICES OF ERNEST GAMEZ, JR., P.C.
777 E. Harrison Street
Brownsville, Texas 78520-7118

Honorable N. Mark Ralls
CHAVES, GONZALES & HOBLIT, L.L.P.
One Riverwalk Place, Suite 1800
700 N. St. Mary's Street
San Antonio, Texas 78205

_____
Michael R. Ross

**UNITED STATES DISTRICT COURT**   ☆   **SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **Pedro Covarrubias, Jr.**<br><br>*vs.* – – – – – – – –<br><br>**City of Brownsville, and Raymundo Salinas, Jr., City of Brownsville Police Officer Individually and In His Official Capacity** | Civil Action No. 96-195 |
| | **Witness List** |
| Judge Hilda G. Tagle | Case Manager: Stella Cavasos<br>Court Reporter: Breck Record |
| List of<br>**DEFENDANTS** | Proceeding          Date |

1.    United Medical Center
      And Its Custodian of Records
      South Main
      Del Rio, Texas
      (210) 774-5534

      Will testify to the treatment of the Plaintiff.

2.    Mr. Michael Walker
      c/o 143 S. Reagan
      San Benito Police Department
      San Benito, Texas  78586
      (210) 361-3880

      Mr. Walker will testify as to the incident in question.

3.    Mr. Pedro Covarrubias, Plaintiff
      14 Sylvia Street
      Brownsville, Texas  78520

      Mr. Covarrubias will testify as to the incident in question.

4.    Eunice Covarrubias, Minor Plaintiff
      14 Sylvia Street
      Brownsville, Texas  78520

      Ms. Covarrubias may testify as to other incidents in which
      the public and/or any Brownsville citizen has filed and/or voiced complaints

5.    Sandra Del Leon Covarrubias
      14 Sylvia Street
      Brownsville, Texas  78520
      (956) 546-4010

      Please refer to Ms. Covarrubias' deposition transcript.
      Also knows about Plaintiff's failure to mitigate damages.

6.    Alfonso Gonzalez, Jr.
      Custodian of Financial Records/
      Patient Accounts Manager
      AMI Brownsville Medical Center
      1040 W. Jefferson Street
      Brownsville, Texas  78520

7.    Melissa Dennay Morales, City Secretary
      City Hall
      Market Square
      Brownsville, Texas  78520

8.    Ezequiel Roque
      2814 Impala Drive
      Brownsville, Texas  78520
      (956) 548-2264

      Will testify as to incident

9.    EMT Art Rodriguez,
      Other unidentified EMS staff,
      And the Custodian of Records
      1325 Ringold Street
      Brownsville, Texas  78520
      (956) 548-7000

      Will testify as to treatment of Plaintiff

2

10.    Brownsville Medical Center Staff, Doctors
And Its Custodian of Records
1040 West Jefferson Street
Brownsville, Tecas  78520
(956) 544-1400

Will testify as to treatment of Plaintiff

11.    Brownsville Medical Center
And Its Custodian of Records
1040 W. Jefferson Street
Brownsville, Texas  78520
(956) 544-1400

12.    Brownsville Police Department
And Its Custodian of Records
600 East Jackson Street
Brownsville, Texas  78520
(956) 548-7000

Has custody Brownsville PD records

13.    Officer Reid Heilman
Brownsville Police Department
600 East Jackson Street
Brownsville, Texas  78520
(956) 548-7000

Will testify as to the incident in question

14.    Sgt. Ramiro Rodriguez
Shift Commander, Brownsville Police Department
600 East Jackson Street
Brownsville, Texas  78520
(956) 548-7000

Will testify as to the incident in question

15.    Matthew Bennett
Formerly with Brownsville Police Department
Address and telephone number unknown

Will testify as to the incident in question

16.    Guadalupe Rocha, III
1237 Lincoln Street
Brownsville, Texas  78520

3

And
C/o Brownsville Fire Department
1000 East Adams Street
Brownsville, Texas  78520

Ex-jailer.  Will testify as to the incident in question

17.   Javier Jaime Campos
      1763 Standford
      Brownsville, Texas  78520

      Ex-jailer.  Will testify as to the incident in question

18.   Javier Jaime Cavazos
      1763 Standford
      Brownsville, Texas  78520

      Ex-jailer.  Will testify as to the incident in question

19.   Maria Magdalena Cortez
      5224 Terence Circle
      Brownsville, Texas  78520

      Ex-jailer.  Will testify as to the incident in question

20.   Officer Rey Pineda
      Brownsville Police Department
      600 East Jackson Street
      Brownsville, Texas  78520

      Will testify as to the incident in question

21.   Robert Zepeda
      Detective, Internal Affairs
      Brownsville Police Department
      600 East Jackson Street
      Brownsville, Texas  78520
      (956) 548-7000

      Will testify as to the incident in question

22.   Officer Raymundo Salinas, Jr.
      Brownsville Police Department
      600 East Jackson Street
      Brownsville, Texas  78520
      (956) 548-7000

4

Will testify as to the incident in question

23.   Officer Rey Ybarra (Ibarra), Jr.
      Brownsville Police Department
      600 East Jackson Street
      Brownsville, Texas  78520
      (956) 548-7000

      Will testify as to the incident in question

24.   Andres Vega
      City Manager, City of Brownsville
      And the Custodian of Records
      P. O. Box 911
      Brownsville, Texas  78520

      Will testify as to City's actions

25.   Victor Rodriguez
      Chief of Police
      And his Custodian of Records
      600 East Jackson Street
      Brownsville, Texas  78520
      (956) 548-7000

      Will testify as to procedures

26.   Nurse L. Mares
      Louie Abanilla
      Brownsville Medical Center
      And The Custodian of Records
      AMI Brownsville Medical Center
      1040 W. Jefferson Street
      Brownsville, Texas  78520

      Will testify as to treatment of Plaintiff

27.   Esther Garza
      Custodian of Medical Records
      Brownsville EMS
      1325 Ringold Street
      Brownsville, Texas  78520
      (956) 548-7000

28.     Charlie Cabler
        Commander, Brownsville Police Department
        600 East Jackson Street
        Brownsville, Texas  78520
        (956) 548-7000

        Will testify as to incident in question

29.     Lt. Angel Gomez
        Brownsville Police Department
        600 East Jackson Street
        Brownsville, Texas  78520
        (956) 548-7000

30.     Pascual Rodriguez, Jr.
        Tipotex Chrvrolet-Geo-Daihatsu, Inc.
        508 East Elizabeth Street
        Brownsville, Texas  78522
        (956) 541-3131, Ext. 27

        Will testify as to incident in question

31.     Delma Longoria, R.R.A.
        Custodian of Medical Records
        Director of Health Information
        Brownsville Medical Center
        1040 West Jefferson
        Brownsville, Texas  78520

        Will testify as to treatment of Plaintiff

32.     Franklin T. Graham
        Director, Civil Service Commission
        City of Brownsville
        P. O. Box 911
        Brownsville, Texas  78520
        (956) 548-6035

33.     Brownsville EMS,
        Employees, Agents, Representatives
        And the Custodian of Records
        1325 Ringold Street
        Brownsville, Texas  78520

        Will testify as to treatment of Plaintiff

34.   Khalid R. Soleja, M.D.
      And His Custodian of Records
      2390 Central Blvd.
      Brownsville, Texas  78520

35.   Khalid R. Soleja, M.D.
      Plastic Surgery Center
      And Its Custodian of Records
      109 East Pice Road
      Brownsville, Texas  78520
      (956) 546-5237

      Will testify as to treatment of Plaintiff

36.   A. Utturkar, M.D.
      And His Custodian of Records
      2390 Central Blvd.
      Brownsville, Texas  78520
      (956) 544-6771

      Will testify as to interpretation and reading of x-rays
      taken of Plaintiff as a result of burns sustained on right leg caused by
      heating of the hump on the rear floorboard of the patrol unit (Delta 14)

37.   Robert L. Nixon
      111 East Whiting
      South Padre Island, Texas  78597
      And
      P. O. Box 3404
      South Padre Island, Texas  78597
      (956) 551-3240
      (956) 761-4185

38.   Daniel Gonzalez, Jr.
      205 A. Glenbrook Drive
      Brownsville, Texas  78521

      May testify as to alleged police misconduct and alleged
      police brutality, as well as alleged improper behavior of police officers
      with the Brownsville Police Department

39.   Martha Gonzalez
      205 A. Glenbrook Drive
      Brownsville, Texas  78521

      May testify as to her son Daniel's alleged mistreatment and
      the alleged brutal behavior of the police officers with the Brownsville
      Police Department.  She may further testify as to alleged improper behavior
      of police officers.

7

40.     Dean L. Davidson
        Evans & Associates, Inc.
        Accident Reconstruction & Forensic Analysis
        3201 South Main, Suite A
        P. O. Box 1210
        Las Cruces, New Mexico  88004-1210
        (508) 827-0202
        (800) 477-7596

        Mr. Davidson will testify as to his investigation and
        findings of the inspection which took place April 19, 1996 of the alleged
        police unit (Delta 14) at the Brownsville Police Department parking lot.  He
        will further testify as to the temperature measurement testing he has
        performed on a 1995 Toyota corolla 4-door, and a 1991 Chevrolet Caprice.

41.     Larry Farrar
        Brownsville Police Department Fleet Maintenance Officer
        Brownsville Police Department
        600 East Jackson Street
        Brownsville, Texas  78520
        (956) 548-7000

        Has knowledge of and maintains records of maintenance and
        repairs of Brownsville Police Department vehicles.

42.     Precision Tune
        And Its Custodian of Records
        2916 Boca Chica Blvd.
        Brownsville, Texas  78521
        (956) 541-3444

        Has records of maintenance and repairs of the vehicle which
        is the subject this suit

43.     Firestone
        And Its Custodian of Records
        1054 F.M. 802
        Brownsville, Texas   78521
        (956) 541-5556

        Has records of maintenance and repairs of the vehicle which
        is the subject this suit

44.     Dara Batki, M.D.
        Ft. Duncan Medical Center
        350 South Adams
        Eagle Pass, Texas  78852
        (956) 773-5321

8

Treated Plaintiff in ER after incident in question

45.     Sgt. Herschel Price
        Brownsville Police Department
        600 East Jackson Street
        Brownsville, Texas  78520
        (956) 548-7000

46.     Commander Ben Reyna
        Internal Affairs
        Brownsville Police Department
        600 East Jackson Street
        Brownsville, Texas  78520
        (956) 548-7000

47.     Jose Solis
        J. Solis Auto Service
        207 Paredes Line Road
        Brownsville, Texas  78520
        (956) 546-0103

48.     Richard Arrellano Gonzalez
        Address unknown

49.     Fernando Benavidez
        104 Starcrest
        Brownsville, Texas  78520
        (956) 542-3939

50.     Alex Benitez
        710 East St. Francis
        Brownsville, Texas  78520
        (956) 546-4881

51.     Oscar Sanchez
        8364 Montana
        Brownsville, Texas  78520
        (956) 831-5080

52.     Antonia Sanchez
        8364 Montana
        Brownsville, Texas  78520
        (956) 831-5080

53.     Luis Rodriguez Perez
        1114 E. Ringold
        Brownsville, Texas  78520
        (956) 542-3939

54.     Juan Garcia
        2614 Columbus Drive
        Brownsville, Texas  78520

        May testify as to alleged police misconduct and alleged police
        brutality

55.     Eduardo Garcia
        2614 Columbus Drive
        Brownsville, Texas  78520

        May testify as to alleged police misconduct and alleged police
        brutality

56.     Douglas Torvick
        Seagull Trailer Park #3
        Paredes Line Road
        Brownsville, Texas  78520

57.     Sandra Martinez
        Personnel Director
        City of Brownsville
        P. O. Box 911
        Brownsville, Texas  78520
        (956) 548-6035

58.     Robert Alvarez
        Mechanic Expert
        Cardenas Motors
        1500 N. Expressway
        Brownsville, Texas 78520
        (956) 542-3541

        Mr. Alvarez may offer his expert opinion as to mechanical
        repairs made to the police unit (Delta 14)

59.   James Ziegler, Ph.D. - Engineer Expert
      Senior Consultant
      Eight Greenway Plaza, Suite 500
      Houston, Texas 77049
      (713) 621-3550

      Dr. Ziegler will testify as to his examination of the police
      unit in question and his findings and opinions.

      Defendant also reserves the right to elicit expert testimony
      from any expert witness identified by any party to this suit.   If other
      witnesses to be called at the trial become known, their names, addresses,
      and subject of their testimony will be reported to opposing counsel in
      writing as soon as they are known; this does not apply to rebuttal or
      impeachment witnesses.

| | |
|---|---|
| **UNITED STATES DISTRICT COURT** ☆ **SOUTHERN DISTRICT OF TEXAS** | |

| | |
|---|---|
| **Pedro Covarrubias, Jr.**<br><br>*vs.* - - - - - - - -<br><br>**City of Brownsville, and Raymundo Salinas, Jr., City of Brownsville Police Officer Individually and In His Official Capacity** | Civil Action No. 96-195 |
| | **Exhibit List** |
| Judge Hilda G. Tagle | Case Manager: Stella Cavasos<br>Court Reporter: Breck Record |
| List of<br>**DEFENDANTS** | Proceeding          Date |

| NO. | Description | Adm. | Exd. |
|---|---|---|---|
| 1 | Medical records from Brownsville Medical Center. | | |
| 2 | Medical records from Khalid R. Soleja, M.D. | | |
| 3 | Maintenance records reflecting maintenance on the police vehicle involved in the transportation of Plaintiff. | | |
| 4 | Yellow cards on vehicle | | |
| 5 | Sections of Brownsville Police Department policy dealing with use of department vehicles. | | |
| 6 | Sections of Brownsville Police Department policy dealing with the use of force. | | |
| 7 | Sections of Brownsville Police Department policy dealing with training of officers. | | |
| 8 | Photographs of the vehicle involved in the incident. | | |
| 9 | Photographs taken by Mr. Ziegler. | | |

| **NO.** | **Description** | **Adm.** | **Exd.** |
|---|---|---|---|
| 9 | Photographs taken by Mr. Ziegler. | | |
| 10 | BPD Personal History & Arrest Record, 10/18/92, Pedro Covarrubias | | |
| 11 | BPD Booking Card, Pedro Covarrubias, 10/18/92 | | |
| 12 | Offense Report, 10/18/92, P.I., Crim. Misch & Resist. Transp., Pedro Covarrubias & Supp. Rpt. of 10/29/92 & Supp Rpt of 10/18/92 by Reid Heilman | | |
| 13 | BPD Radio Dispatch Record, EMS 10/18/92 | | |
| 14 | Photos of Police Patrol Veh. D-14 at Tipotex, 12/8/92 | | |
| 15 | Tipotex Chev. Invoice & Work Order 10/18/92 re D-14 Inspec. | | |
| 16 | Booking Photo (Mug Shot) of Plaintiff, 10/18/92 | | |
| 17 | Photos of Covarrubia's bandaged leg, 10/18/92 | | |
| 18 | BPD Radio Dispatch Log (7 pgs) 10/17/92-10/18/92 | | |
| 19 | BPD Field Training Records/Eval. of Ray Salinas | | |
| 20 | Pol. Veh. D-14, D-18, and & D-47 Maintenance Records & Summary/Listing of Invoices/Work Orders for June 1992 - Sept. 30,1995 | | |
| 21 | Expert Report 4/24/96, Dr. James M. Ziegler | | |
| 22 | Curriculum Vitae, Hershel D. Price | | |
| 23 | Curriculum Vitae, Victor Rodriguez | | |
| 24 | Expert Report, Dr. Khalid Soleja | | |
| 25 | Brownsville Medical Center Records | | |
| 26 | BPD Crime in Brownsville 1994, Statistics/Report | | |
| 27 | Training Records, Ray Salinas | | |

| UNITED STATES DISTRICT COURT ☆ SOUTHERN DISTRICT OF TEXAS |
|---|

| Pedro Covarrubias, Jr.<br><br>vs. - - - - - - - -<br><br>City of Brownsville, and Raymundo Salinas, Jr., City of Brownsville Police Officer Individually and In His Official Capacity | Civil Action No. 96-195 |
|---|---|
| | **Witness List** |
| Judge Hilda G. Tagle | Case Manager: Stella Cavasos<br>Court Reporter: Breck Record |
| List of<br>**DEFENDANTS** | Proceeding          Date |

1.    United Medical Center
       And Its Custodian of Records
       South Main
       Del Rio, Texas
       (210) 774-5534

       Will testify to the treatment of the Plaintiff.

2.    Mr. Michael Walker
       c/o 143 S. Reagan
       San Benito Police Department
       San Benito, Texas  78586
       (210) 361-3880

       Mr. Walker will testify as to the incident in question.

3.    Mr. Pedro Covarrubias, Plaintiff
       14 Sylvia Street
       Brownsville, Texas  78520

       Mr. Covarrubias will testify as to the incident in question.